# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

90 747
c98 422

SHIFLET v. DOWELL.

JUNE 14th, 1894.

1. EJECTMENT—*Verdict—Alteration.*—In action of ejectment jury found verdict for plaintiff for all the land claimed in his declaration. Judgment was entered thereon and the jury discharged. Defendant moved for a new trial. The court entered an order declaring it would grant a new trial unless plaintiff abated the verdict and took judgment for part of the land. Plaintiff abated as required : HELD : The court had no power to make the order.
2. IDEM—*Statutory provision.*—In suits for money it is the practice of the trial courts to put plaintiff on terms to abate merely excessive amounts found by the jury, but not so in ejectment because of Code, § 2746, prescribing what the verdict for land shall be.

Argued at Richmond.   Decided at Wytheville.

Error to judgment of circuit court of Greene county, rendered at its June term, 1891, in an action of ejectment, wherein James Dowell was plaintiff and Stinton Shiflet and wife were defendants. The judgment being adverse to them, they brought the case here on error.   Opinion states the case.

*James G. Field*, for plaintiffs in error.

*A. R. Blakey*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The declaration charged that the said defendants unlawfully withheld from him, the said James Dowell, the possession of a tract of land in the county of Greene, in Virginia, containing 114½ acres, and described the said tract by metes and bounds. The defendants appeared and filed their plea of not guilty, and issue was joined thereon. A trial was had before a jury and a verdict rendered in favor of the plaintiff for the said tract of 114½ acres of land as follows: "We, the jury, upon the issue joined, find for the plaintiff that he is entitled to the whole of the land in the declaration mentioned, and that the defendants are guilty of unlawfully withholding from the plaintiff the possession of the tract of land in the declaration mentioned, and that the plaintiff has the fee simple title thereto. But we further find that the plaintiff is entitled to no damages for the timber cut and sold by the defendant from said land." Upon which said verdict the following order was entered: "Therefore it is considered by the court that the plaintiff recover of the defendant the possession of the tract of land in the declaration mentioned, and the fee simple title thereto, and his costs in this behalf expended."

The defendants moved the court to set aside this verdict, and grant to them a new trial, upon the ground that the said verdict is contrary to the law and the evidence. After the consideration of the said motion the court entered an order declaring that the said verdict was contrary to the law and the evidence, and that it would set the same aside and grant a new trial unless the plaintiff would abate the said verdict and take a judgment for three acres and one hundred poles of land, according to metes and bounds set out in the order of the court.

The plaintiff entered of record the abatement required by the court; whereupon the motion of the defendants, to set aside the verdict and grant to them a new trial, was overruled, and a judgment entered by the court against them for three acres and one hundred poles of land. To this action of the court the defendants excepted, and the case is here upon a writ of error.

This action of the court, in making a verdict for the jury after its discharge, was erroneous.   There is no law giving this power to the court unless a trial by jury had been waived and the matters of law and fact had been submitted to the court; which was not done in this case.   There is no analogy between the action of the court in this case and the admitted practice, in suits for money, of putting the plaintiffs upon terms to rebate merely excessive amounts found by the jury.   In actions of ejectment, the statute prescribes the forms of pleading and the proofs required, and the form of the verdict which the jury shall return.   "The verdict must specify such part of the land, particularly as the same is proved, and with the same certainty of description as is required in the declaration."   Code of 1887, section 2746.   Section 2747 prescribes what the verdict shall be when an undivided share or interest is found for the plaintiff.   If there be a general verdict for the land claimed in the declaration, and the proofs show that the plaintiff is only entitled to an undivided share or interest, it will not be competent for the court to set aside this verdict and the judgment entered thereon, after the discharge of the jury, and then write a verdict for itself and enter a judgment upon it.   In the case of *Hawley* v. *Twyman, trustee*, Judge Staples said, in the opinion of the court:   "When a less or different estate from that stated in the declaration is ascertained to be in the plaintiff, it is very important that the verdict should, in express words, express what the estate is."   24 Gratt., 518.

The verdict and the judgment entered by the court are erroneous, and are set aside and annulled; and the case is remanded for a new trial.

JUDGMENT REVERSED.