# Wytheville.

## FRY AND OTHERS v. STOWERS.

### JUNE 28, 1900.

#### Absent, Riely, J.*

1. CONFLICTING PATENTS—*Interlocks—Possession of Part—Rights of Senior and Junior Patentees.*—Where a senior patentee settles upon any portion of his lands, claiming title to the whole, whether inside or outside of an interlock, before the junior patentee has settled upon any portion of the interlock, the senior patentee is in possession to the extent of his grant, and the subsequent entry of the junior patentee upon the interlock ousts the senior patentee only to the extent of the land actually in the occupancy of the junior patentee by residence, improvement, cultivation or other open, notorious and habitual acts of ownership.

2. TITLE TO LAND—*Disclaimer—Boundaries and Corners—Admissions.*—A disclaimer of a legal title can only be made by deed or by record in court, but a solemn admission in regard to a disputed question of boundary or location, or in regard to the location and existence of a disputed corner, is entitled to the same weight in an action of ejectment as would be given to it by a jury in any other case.

3. EJECTMENT—*Verdict—Conflicting Evidence.*—Where, in an action of ejectment, the evidence is conflicting as to boundary lines, the verdict of the jury fixing such lines will not be disturbed, unless some other valid objection thereto be shown.

4. NEW TRIALS—*Terms—Ejectment.*—New trials being addressed to the discretion and authority of the court, it may impose such terms upon the successful party as will meet the ends of substantial justice. The new trial may be limited to a single point, to a single issue, or a particular question, or even to a part of the demand sued for without reopening the whole case. These principles apply to

---

*Judge Riely was prevented by sickness from attending this term.

actions of ejectment as well as to other civil actions. *Shiflet* v. *Dowell*, 90 Va. 745, *disapproved*.

5. EJECTMENT—*Excessive Verdict—Release—Terms Imposed by Court of Appeals*.—If the verdict of the jury in an action of ejectment finds for the plaintiff more land than he is entitled to recover, the trial court should put him upon terms to release the excess by proper description, or else grant a new trial. If the trial court has failed to ao this, upon a writ of error, this court will reverse the judgment of the trial court, and remand the cause with directions that, unless the plaintiff make such release of record the verdict be set aside and a new trial awarded, but, if he accepts the terms and makes the release, then to overrule the motion for a new trial, and render judgment for the plaintiff with costs.

Error to a judgment of the Circuit Court of Bland county, rendered May 17, 1898, in an action of ejectment, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

The opinion states the case.

*J. H. Fulton*, for the plaintiffs in error.

*S. W. Williams* and *F. Kegley*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an ordinary action of ejectment. The land in controversy is an interlock of grants. The plaintiff claims under a grant from the Commonwealth to Daniel Robinett in the year 1803, and the defendant under three grants from the Commonwealth to James Devor, dated respectively in 1826, 1840, and 1842.

It appears that the plaintiff has been in the actual possession of the land embraced in the patent under which he claims for many years, having cleared and cultivated a large part thereof. It further appears that while the plaintiff was thus in the actual possession of the land covered by the Robinett patent, the de-

fendant, whose later grant overlapped that of the plaintiff, entered upon and enclosed a small part of the interlock created by the overlap, and held the same adversely to the plaintiff for the statutory period. It is conceded by the plaintiff that the defendant is entitled, by reason of his entry and adversary possession, to so much of the interlock as may be within the actual enclosure made by him, but it is denied that his right extends any further than the limits of such enclosure. On the other hand, the defendant contends that, by virtue of his enclosure of part of the interlock, his right extends to the limits of his grant and includes the whole of the interlock. The contention of the parties is presented by Instructions Nos. 1, 2, 5 and 7 given for the plaintiff, and No. 5 asked for by the defendant and refused. The question presented, though much discussed, has never been settled in this State. It is very clearly stated by Judge Buchanan in *Stull* v. *Rich Patch Iron Co.*, 92 Va. 253, to be this: " Does the adverse possession of a claimant under a junior title extend to the whole of his tract, or only to the extent of his enclosures, where there are conflicting grants or deeds to lands causing an interlock, the claimant under the older title being in actual possession of a part of his land outside of the interlock when the claimant under the junior title entered upon and took actual possession of a part of the interlock, claiming title to the whole extent of his boundary."

Much has been said by judges and learned writers upon this question. It would, however, add nothing to the value of this opinion to review the authorities or repeat here what has been so well said by others. In the decisions of our own State, as well as learned articles in our *Law Register*, all has been said by way of discussion that need be said. Proceeding, then, directly to a decision of the question presented, we are of opinion that, where a senior patentee settles upon any portion of his land claiming title to the whole, whether inside or outside of the interlock, before the junior patentee has settled upon any part

of the interlock, the senior patentee is in possession to the extent of his grant, and a subsequent entry of the junior patentee upon the interlock only ousts the senior patentee to the extent of the land actually in the occupancy of the junior patentee by residence, improvement, cultivation, or other open, notorious and habitual acts of ownership.

The conclusion reached is supported by the better reason, and is in accordance with the great weight of authority.

It follows, from what has been said, that there was no error in giving Instructions Nos. 1, 2, 5 and 7 for the plaintiff, nor in refusing Instruction No. 5 asked for by the defendant.

It is further objected that Instruction No. 3 given for the plaintiff is in conflict with Instruction No. 3 given for the defendant, and should not have been given.

We are of opinion that both instructions correctly state the law, and were properly given. The instruction for the defendant told the jury that a disclaimer of a legal title could only be made by deed or by record in court, and the instruction for the plaintiff informs the jury that while there can be no parol disclaimer of title to land, still, where the owner of land makes a solemn admission in regard to a disputed question of location or boundary, or in regard to the time, location and existence of a disputed corner, then such admissions are entitled to the same weight, in an ejectment case, that would be given to them by the jury in any other case. There is no conflict between the two instructions. That for the plaintiff admits the correctness of the instruction for the defendant and propounds in addition a sound proposition touching the weight of admissions as to a disputed boundary or corner.

Instruction No. 8 given for the plaintiff is objected to upon the ground that there was no evidence tending to support it. We think the record in the trespass case which was introduced by the plaintiff, without objection, and read to the jury, was sufficient to justify this instruction.

The last assignment of error is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence.

The real controversy before the jury was the true boundary lines of the Robinett patent under which the plaintiff Stowers claimed. Upon this question the evidence was conflicting. The jury have established the true lines to be as contended for by the plaintiff, and upon well settled principles the verdict must stand, unless some other valid objection can be shown thereto. The record shows that the verdict was in favor of the plaintiff for the entire tract within the boundary of the Robinett survey. This included the whole interlock, whereas, as already seen, the defendant Fry was entitled to that portion of the interlock actually enclosed and occupied by him. The court rendered its judgment in accordance with this verdict.

After the judgment was entered the plaintiff appeared in court, and by order entered of record, released and disclaimed title in favor of the defendant to that portion of the land within the interlock which was in the actual enclosure and occupancy of the defendant. This release, if accurate, would have accomplished the ends of justice and secured to the defendant all of his rights. It is, however, contended that this disclaimer does not accurately describe such enclosure, and that the error of the court in giving judgment for the whole cannot now be corrected, and that the verdict of the jury must, therefore, be set aside and a new trial awarded.

It does not clearly appear from the record what the area of the defendant's enclosure is. It was certainly very small, less probably than an acre. Its trifling value, no doubt, caused no importance to be attached to it except as a basis for claiming the entire interlock, and hence the failure to refer to it in the verdict.

New trials being addressed to the discretion and authority of the court, in order to prevent a material and manifest injustice,

the court, as the alternative of a new trial, may impose terms upon the party, requiring him to consent to such a modification of the verdict as will meet the substantial justice of the case. So, the new trial may be limited to a single point, as to a single issue in the case, or a particular question, without reopening the whole case, or even, it seems as to part of the demand sued for, letting the judgment stand for the residue. The new trial may be granted upon any terms which, in the discretion of the court, shall seem requisite to achieve the ends of justice in the particular case. 4 Minor's Inst., part 1, p. 930, and the cases there cited.

We do not approve the rule announced in *Shiflet* v. *Dowell,* 90 Va. 745, that the principle stated does not apply in the case of an action of ejectment, because of the statute which requires that the verdict shall " specify the land, particularly as the same is proved, and with the same certainty of description as is required in the declaration." The practice of putting a party upon terms where the verdict is plainly erroneous in part, is a wise and salutary one, saving delay, costs, and above all, ending strife, and we perceive no good reason why the ends of justice are not as much subserved by the application of the principle in an action of ejectment as in any other case.

In 1 Graham and Waterman on New Trials, page 609, it is said: " It may be safely asserted that no case can occur, presenting circumstances, timely addressed to the court, in which the rights of the parties may not be fully protected, by the imposition of conditions meeting the exigency."

We are, therefore, of opinion that the court, before entering its judgment, should have put the plaintiff upon terms, so as to have excluded from his recovery that part of the interlock in the actual enclosure of the defendant.

For the foregoing reasons, the judgment is reversed, and the case remanded, with directions that unless the plaintiff will release on the record by proper description that portion of the interlock in the actual possession of the defendant, the verdict

be set aside and a new trial awarded; but, if the plaintiff accepts the terms prescribed and make such release, the motion for a new trial shall be overruled and judgment rendered for the plaintiff with costs. *Buena Vista Co.* v. *McClandish*, 92 Va. 297.

The defendant in error, being the party substantially prevailing in this court, is entitled to recover his costs.

*Reversed.*