Statement.

## Staunton.

### PILKERTON AND ANOTHER v. ROBERSON.

September 9, 1909.

1. BOUNDARIES—*Conflicting Evidence—Verdict of Jury.*—Where the evidence is conflicting as to the true location of a disputed boundary line, and as to acts of ownership exercised over the land by the claimants and those under whom they claim, the location of the line is peculiarly a question for the jury, under proper instructions from the court, and their verdict will not be set aside unless it is plainly wrong.

2. BOUNDARIES—*Declaration of Parties—Suspicious Circumstances—Objections.*—Declarations of a party in interest, after a controversy has arisen with reference to a disputed boundary, which are made under suspicious circumstances, should not be received, if objected to; but if received without objection, they must be considered along with the other facts and circumstances tending to establish the boundary.

3. INSTRUCTIONS—*Taking Case from Jury—Insufficient Evidence.*—It is not error to grant an instruction which takes away from the jury the consideration of evidence which is not sufficient to support a verdict found in accordance therewith.

4. BOUNDARIES—*Surveys—Courses and Distances—Lines of Other Surveys.*—Where a call is for running to the line of another survey, generally course must yield and the line be so run as to reach the line of the survey called for at such point (if no object be named in the deed) as will least change the course, and be most in accord with the next call of the conveyance.

5. BOUNDARIES—*Surveys—Construing Calls.*—In construing a conveyance or in applying it to its subject matter, effect should be given, as far as possible, to all of its provisions. A call to "Hall's line, and with his lines to Indian Creek," is not answered by running the line to the point where Hall's line crosses Indian Creek. This would entirely ignore the call for running with Hall's lines.

Error to a judgment of the Circuit Court of Wise county in an action of ejectment. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Ayers & Fulton,* for the plaintiffs in error.

*Bond & Bruce* and *Irvine & Morison,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of ejectment for the recovery of about sixty acres of land. Both parties claim under a common grantor, and the title to the land in controversy depends upon the true location of the line of the senior purchaser which is called for by the title papers of the junior purchaser.

The land of the former is described in his title bond and deed as follows: "Beginning at a large white oak on the south bank of Lick Fork of the Pound River at the upper end of a cliff of rocks, *and from said tree up the hill about six rods to another white oak standing on a bench in a hill side, then in a straight line passing said tree to Isom Hall, Sr., lines,* and *with his lines to Indian Creek,* then down the creek to William Roberson's Pound tract and with the Pound River and with the lines of another tract belonging to said Roberson and again with the river to the beginning. . . ."

The line in controversy is that called for by the italicised portion of the description quoted.

The plaintiff in the trial court (the defendant in error here) claims that the white oak called for at about six poles from the beginning corner (which is not in dispute) was at one point, and the defendant claims it to have been at another. Both parties meet with difficulties in establishing their respective contentions. The tree claimed by the plaintiff is no longer standing. The place where it stood was rather "around the hill on the hill side" than "up the hill on a bench." It was marked as a line tree, but by whom does not appear except by

the self-serving declarations of the then owner after the controversy as to the location of the tree called for had arisen. Its location is about 7 1-2 poles instead of 6 from the beginning corner. A straight line from the beginning corner passing the point where the tree stood will not reach Isom Hall's line unless extended over 50 poles, but does reach a point where the evidence tends to show it was thought Hall's line ran.

On the other hand, the tree claimed by the defendant is standing, is marked as a line tree, is "up the hill" and on a "bench." It is about 8 2-3 poles instead of 6 poles from the beginning. A straight line passing by it will not reach Isom Hall's line, but goes to Pound River, about one-half a mile below.

The land in controversy was of little value when sold by the common grantor, each boundary embraces much more land than it was estimated to contain when conveyed, and it is very doubtful whether the line in dispute was ever run until about the time the controversy as to its true location arose. The evidence is conflicting as to the claims asserted and the acts of ownership exercised over the land by the parties and those under whom they claim.

The location of the line was peculiarly a question for the jury, under the facts and circumstances of the case, under proper instructions by the court. The motion of the defendant to set aside the verdict was, therefore, properly overruled by the court, unless it erred in submitting the case to the jury.

The objections made to certain evidence introduced by the plaintiff, as set out in bills of exception numbered 3, 4 and 5, do not seem to be much relied on; and, if they were, seem to be without merit.

The court gave two instructions—No. 1 asked for by the plaintiff, and No. 2 of its own motion—both of which were objected to by the defendant.

Instruction No. 1 is as follows: "The court instructs the jury that if they believe from the evidence that the white oak

tree referred to in the proof as the James Roberson tree was the tree referred to—in the original title bond of 1851 from the Warders to William Roberson and others, and in the deed from Davis, agent of the Warders, to James and A. G. Roberson, of April 16th, 1888—then they shall find for the plaintiff."

This instruction is objected to on several grounds: (1) That there was no sufficient evidence upon which to base it; (2) that it cannot be determined from the terms of the deed "what was meant" by the call for the line in dispute, and that it must, therefore, be rejected as too vague and indefinite to be located at all; (3) that it took away from the jury the consideration of evidence tending to show an adversary possession for the statutory period, or such continued possession, use and claim of same as would authorize the presumption of a conveyance to Gibson, under whom the defendants claim, prior to the conveyance of Warder (the common grantor) to Roberson, under whom the plaintiffs claim.

As to the first objection: It is true, as argued by the counsel of the defendants, that the declarations of James Roberson, a deceased owner, as to the identity of the tree called the "Roberson tree," were made after the controversy as to the location of that call of the deed arose, and were made under circumstances which rendered them suspicious, and, if objected to, ought to have been excluded. *Harriman* v. *Brown,* 8 Leigh 697; *Clements* v. *Kyle,* 13 Gratt. 478; *Fry* v. *Stowers,* 92 Va. 14, 22 S. E. 500. But they were admitted without objection, and were to be considered along with the other facts and circumstances tending to establish the identity of the "Roberson tree" as the white oak called for in the title bond and deed. 2 Elliott on Ev., sec. 881.

The declarations of James Roberson as to the identity of that tree as a line tree and the other facts and circumstances in evidence tending to show that it was the tree called for, and that the other white oak, called the "Aston tree," was not, justified

the court in giving an instruction based upon them, and were sufficient to sustain a finding by the jury to that effect.

As to the second objection to the instruction: There is little difficulty in construing the meaning of the call of the controverted line in the title bond and deed—certainly it is not so vague and indefinite as would justify a court in rejecting it. The other objection we think equally without merit. The evidence, if the jury had been permitted to consider it, was not sufficient to have justified them in finding that the defendants had acquired title to the land in controversy, or any part of it, by adversary possession, or to have authorized the presumption of a conveyance to the predecessors in title, under whom the defendants claim, prior to the conveyance of Warder, under which the plaintiff claims.

Instruction No. 2, given by the court of its own motion, is as follows: "The Court instructs the jury that if they believe from the evidence that the white oak tree known in the proof as the Aston tree is the tree referred to in the original writings between Warder and the Robersons, and if they further believe that the line run from the beginning corner a straight course through said tree will not reach the Isom Hall line, then the degree of said line must be changed so as to run from said Aston tree to a point on the Isom Hall line so as to run to the corner marked on the map, 'W. O. and B. O. Gone,' and they shall find for the plaintiff so much of the land in controversy, if any, as may be included within the line so run."

The objections urged to that instruction are, "that it compelled the jury, if they found the Aston tree to be the true tree, to find a single arbitrary line to a single arbitrary point so as to include *lines* in the plural, whereas the court should either have told the jury that the call from the Aston tree was too indefinite to be located, or at most that it could only be located by running a straight line from the white oak to a point where the Isom Hall line would cross Indian Creek."

The objection that the call was too indefinite to locate was considered in disposing of the objections to instruction No. 1 adversely to the defendants' contention, and need not be further noticed.

As to the other objection: Where the call is for running to the line of another survey, generally course must yield, and the line be so run as to reach the line of the survey called for at such point, if no object be named in the deed, as will least change the course and be most in accord with the next call of the conveyance. As the calls in question were for running to *Hall's line and with his lines to Indian Creek,* to have run the line to the point where Hall's line crosses Indian Creek, as suggested by the defendants, would have entirely ignored the call for running with Hall's lines. In construing a conveyance, or in applying it to its subject matter, effect should be given, as far as possible, to all of its provisions. We do not think that the defendants were prejudiced by the instruction complained of.

We are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*