## Wytheville.

## EDMUNDS v. BARROW.

### June 8, 1911.

### Absent, Whittle and Harrison, JJ.

1. DEEDS—*Description*—*Plats and Surveys Referred to.*—Where the report of a survey and a plat are referred to in a deed of partition of land for the purpose of fixing the metes and bounds of the several parcels of land conveyed, they are as much a part of the deed as if they had been copied into it.

2. BOUNDARIES—*Doubt as to Location*—*Extrinsic Evidence.*—Where there is doubt as to the correct location of a survey, or as to the application of a grant to its proper subject-matter, evidence *aliunde* is always admissible. It is not a question of construction, but of location. It is a question of fact to be determined by the jury by the aid of extrinsic evidence under proper instructions from the court. In the case at bar, the calls in the title papers for the disputed line were ambiguous. One was for "ninth street," and the other for the street "better known as the street south of race track." Either was sufficient, but one was false and the other correct. It is admissible to prove by the surveyor who ran the line which is the true boundary.

3. BOUNDARIES—*Location*—*Admissions of Former Owner.*—On the question of a disputed boundary, the admission of a former owner against his interest, made while he was owner of the land, is admissible in evidence.

Error to a judgment of the Circuit Court of Prince Edward county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. B. Dickinson,* for the plaintiff in error.

*Watkins & Brock* and *Epes & Epes,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question in controversy in this case, which is an action of ejectment, is the true location of the southern boundary line of a 86-acre parcel of land, designated as lot No. 2 in the partition of a large tract of land known as the Hurd land, lying in Prince Edward county, and near, but outside the limits of, the town of Farmville.

In the plat and survey of the county surveyor who ran the lines by which the partition was made, and which are made a part of the deed of partition, the 86-acre tract is described as follows: "Lot north of house lot contains 86 acres. Line commencing at rock on corner of Ely and Ninth streets, or better known as street south of race track, due west along street to Little Buffalo river."

The conveyances under which the plaintiff in error, who was the plaintiff in the trial court, claims, all refer to the deed of partition for a further description of the land conveyed. The contention of the plaintiff is and was that "Ninth street" as projected, and not the street "better known as the street south of race track," was the correct line. Neither of the streets in question had been opened.

To sustain his contention the defendant introduced as a witness the county surveyor, who testified over the objection of the plaintiff that he made the survey and plat which were attached to and made a part of the deed of partition; "that in making the said survey and plat he surveyed and ran the line along Eighth street, which by mistake he called Ninth street on said plat, but that he was not sure of the name of the street, but to make sure what street he did mean he added in his notes attached to said plat that it was the street better known as the street south of the race track,

which is the street along which the defendant's fence now runs; that that was where he was instructed to run said line; that that was where he did run said line, and that is where the line runs to-day; that he made no survey of the race track at that time, but that he stepped off the distance from said street to the race track, and it was between 30 and 40 yards; that the distance from Eighth street to Ninth street was about 300 feet. . . . "

The objection made to this evidence is that it was inadmissible because it tended to vary or contradict the recorded plat, and because if by mistake the plat called for Eighth street instead of Ninth street, the parties to the deed had no notice of the mistake or of the surveyor's intention to make Eighth street instead of Ninth street the line.

The report of the survey was a part of the plat and both were referred to in the partition deed for the purpose of fixing the metes and bounds of the several parcels of land conveyed. The report of survey and plat were, therefore, as much a part of the deed of partition as if they had been copied into the deed. *State Sav. Bk.* v. *Stewart,* 93 Va. 447, 25 S. E. 543. The conveyances to the plaintiff refer to the partition deed for a more particular description of the land conveyed. One of them refers to the land as "particularly described in a deed of partition between parties of the first part and Lydia A. Hurd et als, duly recorded in the clerk's office of the county of Prince Edward, in the State of Virginia, together with the survey and plat to said lands made by J. W. Overton, county surveyor (see deed book 44, pages 270-274) to which said deed and survey reference is to be had for a more particular description." The reference to the partition deed was not, as insisted by the plaintiff's counsel, for the purpose of showing merely the source from which title was derived, but for a fuller description of the land conveyed.

There were two descriptions of the line between lots numbered 1 and 2 equally explicit, but repugnant. In locating that line that repugnancy did appear. Ninth street and the street better known as the street south of the race track were not the same. The question then was upon which of those streets the line was originally located if run.

Where there is doubt as to the correct location of a survey, or as to the application of a grant to its proper subject-matter, evidence *aliunde* is always admissible. It is not a question of construction but of location. It is a question of fact to be determined by the jury by the aid of extrinsic evidence under proper instructions from the court. See 1 Greenleaf on Ev., sec. 288; *Reusens* v. *Lawson*, 91 Va. 226, 235, 21 S. E. 347.

The evidence was properly admitted.

The next error assigned is, that the court permitted evidence to be introduced tending to show that E. S. Hurd, one of the parties under whom the plaintiff claims the land, whilst one of the joint owners thereof, admitted that the defendant's fence was located along Eighth street, the boundary line as claimed by the latter.

The evidence was clearly admissible, not as an estoppel, as plaintiff's counsel seems to think, but merely as evidence tending to show that the true boundary line was where defendant claimed it to be. *Reusens* v. *Lawson*, 91 Va. 226, 238, 21 S. E. 347; *Fry* v. *Stowers*, 92 Va. 13, 16, 22 S. E. 500.

The plaintiff asked the court to instruct the jury that "the deeds in this case convey the land to Ninth street, and the sole question for the jury to determine is what is the location of Ninth street, and if they shall believe from the evidence that the fence of the defendant runs west along Eighth street to Buffalo river, then they must find for the plaintiff." The court refused to so instruct the jury, but told them in lieu thereof, "that if they believed from the evi-

dence that the true northern line of lot No. 2 in the partition of the Hurd lands was a projected line from the southern boundary of Ninth street to Buffalo river as shown on the map of the Farmville Coal and Iron Company's land, they must find for the plaintiff; but if the jury believe from the evidence that the true line of said lot No. 2 was the southern boundary of the first street south of the race track, then they must find for the defendant." This action of the court is assigned as error.

The court, as we have seen, properly admitted evidence tending to show where the line between lots Nos. 1 and 2 in the partition of the Hurd farm had actually been located or run. The calls in the title papers for that line were ambiguous—either call was sufficient, but one was false and the other correct. Which was the false and which the true line was to be determined by the jury from all the evidence in the case. If the line had been actually run along Ninth street, then the plaintiff was entitled to recover, although it was not the street "better known as the street south of the race track." If, on the other hand, the line was actually run along the street immediately south of the race track, and not along Ninth street, then the plaintiff was not entitled to recover. The instruction given fairly submitted those questions to the jury.

The remaining assignment of error is to the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

The evidence shows that the line between lots Nos. 1 and 2 was actually located on the ground as claimed and held by the defendant, and was the true partition line between those lots as found by the jury, and there being no error of law in submitting the case to the jury, the judgment of the circuit court must be affirmed.

*Affirmed.*