Statement.

## Staunton

### HONAKER v. SHRADER.

September 11, 1913.

Absent, Keith, P., and Whittle, J.

1. APPEAL AND ERROR—*Verdict—Conflict of Evidence.*—Where the evidence is conflicting on a question of fact submitted to a jury, their verdict will not be disturbed on appeal.
2. EVIDENCE—*Boundaries—Oral Testimony.*—Oral evidence is always admissible as to location and boundary, and hence testimony as to the contents of a lost title bond may be received for the purpose of throwing light upon the true location of a disputed boundary line.
3. EVIDENCE—*Improper Reception—Harmless Error.*—The reception of improper evidence as to the location of a boundary line is harmless error where the land in dispute is clearly identified and located by other evidence in the case.
4. EJECTMENT—*Excessive Verdict—Putting Party on Terms.*—The practice of putting a party on terms, where the verdict is plainly erroneous in part, is a wise and salutary one, saving delay, costs and, above all, ending litigation, and is as applicable to an action of ejectment as to any other action.

Error to a judgment of the Circuit Court of Bland county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Williams & Williams* and *A. R. Porterfield,* for the plaintiff in error.

*Jackson & Henson* and *Williams & Farrier,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The plaintiff's declaration in this action of ejectment contains two counts. The first describes the land alleged . to be withheld as his entire tract containing one thousand acres. The second count describes the land in controversy as seventy-nine acres, more or less, lying on the south side of Buckhorn mountain, on Wolf creek, in Bland county. The real question involved in the controversy, as shown by the record, was the correct location, on the ground, of the eastern line of the plaintiff's land; plaintiff contending that its correct location was at one place, while the defendant insisted that it was at another. Upon this question the evidence was conflicting. The jury have established the true line to be as contended for by the defendant, and upon well settled principles the verdict must stand, unless some other valid objection can be shown thereto. *Pilkerton* v. *Roberson,* 110 Va. 136, 65 S. E. 835.

The objection made by the plaintiff to the evidence offered by the defendant as to the execution and contents of a lost title bond executed by Chapman & French to Hiram D. Lambert, about the year 1853, for land adjoining the plaintiff's eastern line, was properly overruled. Evidence of this title bond and its contents was not introduced, as contended by the plaintiff, for the purpose of establishing the defendant's title to the land in controversy, but merely as evidence tending to throw light upon the true location of the eastern boundary line, and that its true location was where the defendant claimed it to be. The court, in admitting this evidence, both at the time of its admission, and subsequently by instructions, limited the same to the light, if any, it threw on the question of boundary involved. Oral evidence is always admissible as to location and boundary, and it would seem to be clear that evidence of the contents of a lost title bond

was admissible for the same purpose. *Austin* v. *Minor,* 107 Va. 101, 57 S. E. 609; *Schaubuch* v. *Dillemuth,* 108 Va. 86, 60 S. E. 745; *Edmunds* v. *Barrow,* 112 Va. 330, 71 S. E. 544.

The plaintiff also complains of the ruling of the court in permitting an old survey, bearing on the question involved, to be introduced by the defendant. No sufficient reason for rejecting this evidence is suggested, but even if it had been error to admit the survey mentioned, it was plainly without prejudice to the plaintiff, as the land described therein was clearly identified and located by other evidence in the case.

Several other objections to the ruling of the court upon the admission of evidence are raised, but upon examination they are found to be wholly without merit and, therefore, need not be adverted to in detail.

In the petition for a writ of error no complaint is made of the action of the court in refusing certain instructions asked for by the plaintiff, but it is contended that the verdict of the jury was not in accord with the instructions given, and the assertion is made that, in the instructions given for the plaintiff, the jury are told that the title deeds under which the plaintiff claimed covered the land in controversy and that he was entitled to recover the same. The instructions do not bear this interpretation. Whether the plaintiff's title papers covered the land in controversy depended upon the true location of his eastern line. This was a question of fact for the jury and no instructions given by the court trenched upon the province of the jury to settle that question.

As to the instructions given by the court for the defendant, no error is pointed out, the plaintiff contenting himself with the general observation that they are erroneous and misleading. An inspection of these instructions shows them to be free from reasonable objection. They

embody views of the law applicable to the case which have
been long settled by the decisions of this court, and are ex-
pressed in language which could not be misunderstood.

As already seen, the plaintiff's declaration was in two
counts, one for the recovery of his whole tract of land con-
taining one thousand acres, and the other for the recovery
of the small tract actually in controversy. When the case
was given to the jury they returned a general verdict for
the defendant on the issue joined. After the jury was dis-
charged the plaintiff moved the court to set aside the ver-
dict upon the ground, among others, that the effect of the
general verdict was to give the defendant the whole tract
of one thousand acres. Thereupon, the court of its own
motion required the defendant to enter of record a re-
lease of that portion of the land outside of the small tract
which was the subject of dispute, and overruled the motion
for a new trial. This action of the court is assigned as
error, it being contended that the court had no power to
put the defendant upon terms in a case like this.

The whole controversy in this case was as to the small
tract of land described in the second count of the declara-
tion. The ownership of this land depended upon the cor-
rect location on the ground of the plaintiff's eastern line,
the defendant claiming no part of the land except the small
tract to which the true location of the eastern line entitled
him. The real issue in this case was understood from the
beginning to the end of the trial by the court, the jury and
all parties concerned, and no reason is perceived why the
court, to avoid the possibility of future controversy, should
not have required the defendant to release of record all
claim to the land outside of the small tract that the ver-
dict of the jury had decided he was entitled to. *Fry* v.
*Stowers,* 98 Va. 417, 36 S. E. 482; *Tolley* v. *Pease* (W.
Va.), 78 S. E. 111.

In the ejectment case of *Fry* v. *Stowers, supra,* this court

said: "We do not approve the rule announced in *Shiflet* v. *Dowell,* 90 Va. 745, 19 S. E. 848, that the principle stated does not apply in the case of an action of ejectment, because of the statute which requires that the verdict shall 'specify the land particularly as the same is proved and with the same certainty of description as is required in the declaration.' The practice of putting a party upon terms where the verdict is plainly erroneous in part is a wise and salutary one, saving delay, costs and, above all, ending strife, and we perceive no good reason why the ends of justice are not as much subserved by the application of the principle in an action of ejectment as in any other case."

Upon the whole case, we find no error prejudicial to the plaintiff, and the judgment complained of must be affirmed.

*Affirmed.*