Staunton.

## GRIZZLE v. DAVIS.

September 11, 1916.

1. EJECTMENT—*Verdict—Appeal and Error—Assumption of Fact.*—A general verdict for the plaintiff in ejectment for the premises in the declaration mentioned, where both parties claim by paper title as well as by adverse possession, but the plaintiff fails to show any paper title to three-fifths of the land and the adverse possession thereto is controverted, can only be sustained on the assumption that the plaintiff was in lawful possession of the land, and had been unlawfully ousted of possession by a defendant himself without title, but this court is not at liberty to conclude that the jury's verdict was rested upon that ground.

2. EJECTMENT—*Recovery of Part of Land—Specification—Code, Sec. 2746.*—The provision of section 2746 of the Code, that if a plaintiff in ejectment recovers only a part of the premises claimed "the verdict shall specify such part particularly as the same is proved, and with the same certainty of description as is required in the declaration" is mandatory, and it is reversible error in a trial court to render judgment on a verdict that fails to comply with its requirements.

3. APPEAL AND ERROR—*Ejectment—Affirmance in Part—Imposing Terms.*—Where the defendant in ejectment obtains a writ of error to the judgment of the trial court awarding the entire premises to the plaintiff, the plaintiff cannot ask to have the judgment affirmed in part where the defense goes to the entire action. To grant this prayer would be putting, not the successful, but the unsuccessful litigant on terms.

Error to a judgment of the Circuit Court of Russell county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*W. W. Bird,* for the plaintiff in error.

*S. H. & G. C. Sutherland, T. L. Sutherland, Finney & Wilson* and *A. A. Skeen,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of ejectment brought by Davis against Grizzle to recover a tract of 62.39 acres of land, although, in reality, the controversy is confined only to a small part of the boundary described in the declaration. Both litigants claim ownership of the property by paper title and by adverse possession under color of title for the statutory period.

Upon conflicting evidence the jury returned a verdict for the plaintiff for the premises generally as specified in the declaration, upon which the trial court rendered the judgment under review.

It is conceded that plaintiff's paper title (as introduced) only covered an undivided two-fifths interest in the land. The deed to the remaining three-fifths interest by inadvertence, it is said, was not offered in evidence. Two contentions are submitted by the defendant in error with respect to this situation:

(1) It is maintained that the verdict of the jury having found that the defendant had no "right or claim to the land," was a proper verdict notwithstanding the failure of the plaintiff to show a complete paper title thereto. This insistence proceeds on the assumption that plaintiff was in lawful possession of the land, and had been unlawfully ousted of his possession by a defendant himself without title.

Without intending to intimate any opinion with respect to defendant's title, still the premise upon which the foregoing assumption is predicated being controverted, we are not at liberty to conclude that the jury's verdict was rested upon the ground alleged.

As remarked, both parties claim the land on written titles as well as by adverse possession, and the jury's attention was not called to the effect of the omitted deed upon plaintiff's rights.   Hence, we cannot undertake to form an opinion as to what may have been the controlling considerations with the jury in reaching their verdict.

(2)   But the request is made that, if we shall feel constrained to reverse the judgment and grant a new trial because of the failure of the plaintiff to show title to an undivided three-fifths of the land, we will affirm the judgment for the plaintiff *quoad* the undivided two-fifths interest, and limit the new trial to the residue.

The subject of the power of the trial court, and even of the appellate court in some instances, to put the successful litigant on terms to release part of a recovery or else submit to a new trial, is clearly treated in Burks Pl. & Pr., sec. 391; see also Acts 1906, ch. 167, p. 251.

In *Fry* v. *Stowers*, 98 Va. 417, 36 S. E. 482, even in an action of ejectment, it was held to be permissible "to impose such terms upon the successful party as will meet the ends of substantial justice."   Accordingly, in that case, when the verdict of the jury found for the plaintiff more land than he was entitled to recover, this court remanded the case with directions that unless the plaintiff made a release of record by proper description of the excess, the verdict should be set aside and a new trial awarded.

But the situation here is quite different from that presented by the record in *Fry* v. *Stowers, supra.*   It is true that where a plaintiff claims the entire premises in a declaration and the proof shows that he is only entitled to an undivided interest therein, a verdict for such undivided interest is proper.   Code, 1904, sec.

2739; and section 2746 provides, "Where the right of the plaintiff is proved to all the premises claimed, the verdict shall be for the premises generally as specified in the declaration, but if it be proved to only a part or share of the premises, the verdict shall specify such part particularly as the same is proved, and with the same certainty of description as is required in the declaration."

This statute is mandatory, and it is reversible error in a trial court to render judgment on a verdict that fails to comply with its requirements.

Besides, in this instance the court is not asked to put the successful party on terms, but the request comes from the successful party that the recovery be upheld to the extent of the two-fifths undivided interest; and that, in directing a new trial, it be limited to the remaining undivided three-fifths of the premises, though the defendant's defenses, if sustained, go to the entire action. To grant this prayer would reverse the rule and put, not the successful, but the unsuccessful litigant on terms.

There are other assignments of error, for the most part to the action of the court in giving, refusing and modifying instructions, but as we cannot, with any degree of certainty, foresee which of these questions, if any, will arise on the new trial, it is not expedient to undertake to pass upon them by way of anticipation.

The judgment must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed.*