STEVEN POSICK *v.* MARK IV CONSTRUCTION
COMPANY, INC., ET AL.
(AC 29230)

Lavine, Beach and Hennessy, Js.

Argued May 21—officially released August 19, 2008

*Steven P. Kulas*, with whom, on the brief, was *Prescott W. May*, for the appellant (plaintiff).

*Joseph A. Kubic*, for the appellee (named defendant).

*Opinion*

HENNESSY, J. The plaintiff, Steven Posick, appeals from the judgment of the trial court rendered after it

granted the motion to dismiss for lack of aggrievement filed by the defendant Mark IV Construction Company, Inc.[1] The plaintiff's sole claim on appeal[2] is that it was clearly erroneous for the court to find that the plaintiff was not statutorily aggrieved under General Statutes § 8-8 (a) (1) because he owns an easement that is within 100 feet of the defendant's property.[3] The defendant argues that an easement interest does not rise to the level of an ownership in land required for statutory aggrievement. We agree with the defendant.

The following facts are relevant to the plaintiff's appeal. On or about January 6, 2007, the defendant applied to the zoning board of appeals of the town of Beacon Falls (board) for a variance seeking a reduction of the excavation and grading setback from 100 feet to 50 feet for three lots. The board granted the application on February 8, 2007, and notice was published on February 16, 2007, in the Waterbury Republican-American. The plaintiff brought the present action on February 23, 2007, in the Superior Court, claiming statutory aggrievement. The plaintiff has rights to an access easement to his property, which is within 100 feet of the lots for which variances were granted. The plaintiff does not claim that his property is within 100 feet of

[1] The zoning board of appeals of the town of Beacon Falls also was named as a defendant. Because it is not a party to this appeal, we refer in this opinion to the Mark IV Construction Company, Inc., as the defendant.

[2] In the trial proceedings and in his petition for certification to appeal, the plaintiff asserted a second claim for finding statutory aggrievement because he owns property abutting the subdivision of which the lots at issue are part. Because the plaintiff has not raised this claim in his appellate brief, we deem this claim to have been abandoned. See *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 842 n.24, 860 A.2d 715 (2004).

[3] General Statutes § 8-8 (a) provides in relevant part: "As used in this section: (1) . . . In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."

those lots. The defendant filed a motion to dismiss on April 18, 2007, on the basis of a lack of aggrievement. In a memorandum of decision, dated July 30, 2007, the court, *R. Robinson, J.*, granted the defendant's motion and subsequently dismissed the complaint. Finding no Appellate Court case law on the issue, the trial court agreed with the reasoning found in Superior Court case law and held that the possessor of an easement has insufficient ownership to establish standing. Following that decision, the plaintiff filed the present appeal after this court granted his petition for certification to appeal.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words, statutorily aggrieved, or is classically aggrieved. . . . [Statutory] [s]tanding concerns the question [of] whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. . . .

"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . Because standing implicates the court's subject matter jurisdiction, the plaintiff ultimately bears the burden of establishing standing. . . . Furthermore, [a] trial court's determination that it lacks subject matter jurisdiction because of a plaintiff's lack of standing is a conclusion of law that is subject to plenary review

on appeal." (Citations omitted; internal quotation marks omitted.) *Cambodian Buddhist Society of Connecticut, Inc.* v. *Planning & Zoning Commission,* 285 Conn. 381, 393–95, 941 A.2d 868 (2008).

Our Supreme Court adjudicated an issue similar to the one in this case when it decided whether a life tenant had standing under § 8-8 to appeal from a decision of the planning and zoning board of the city of Milford. See *Smith* v. *Planning & Zoning Board,* 203 Conn. 317, 524 A.2d 1128 (1987). The court interpreted the language in § 8-8 (a), "any person owning land," to include a life tenant because a "life interest remains subject to her direction and control as long as she is alive." Id., 323. The court analyzed the privileges of the life tenant at common law, where she had undisturbed possession of the land, as well as any income or profits from the land. Id. Further, the life tenant has the right to convey and is considered "seised,"[4] which, at common law, "meant ownership in so far as the common law admits of ownership . . . ." (Internal quotation marks omitted.) Id.

Ultimately, whether the plaintiff in this situation is aggrieved is determined by the degree of ownership that is bestowed on a person with rights to an easement. An easement has been defined as "[a] right of use over the property of another." Black's Law Dictionary (6th Ed. 1990). "An easement is a privilege which one person has a right to enjoy over the land of another, for the benefit of the easement holder's land, but it does not create an interest in the land itself." 25 Am. Jur. 2d, Easements and Licenses § 1 (2004). "Traditionally the permitted kinds of uses were limited, the most important being rights of way and rights concerning

---

[4] Black's Law Dictionary defines seisin as "[p]ossession of real property under claim of freehold estate. . . . Possession with an intent on the part of him who holds it to claim a freehold interest. Right to an immediate possession according to the nature of the estate." Black's Law Dictionary (6th Ed. 1990).

flowing waters." Black's Law Dictionary, supra. "Rights-of-way are easements of a certain type, or legally recognized property interests, of which the owner likewise is entitled to reasonable use. . . . An easement is not an estate in land, but is merely an interest in land in the possession of another. An easement therefore is distinct from the right to occupy and enjoy the land itself, and common-law courts have consistently distinguished between ownership of an easement and ownership of the burdened land. Since an easement is a liberty, privilege, or advantage without profit, a distinguishing feature of an easement is the absence of all right to participate in the profits of the soil charged with it." 25 Am. Jur. 2d, supra, § 1.

It is clear that the characteristics of an easement are very different from traditional property ownership or a life tenancy. The agreement granting the plaintiff his interest in the easement refers to it as an access easement. We interpret the language of the agreement to bestow a right-of-way to the plaintiff. An easement is a right or privilege to pass over land owned by another. The plaintiff does not have undisturbed possession of the land and does not have any right to the profit of the land. The plaintiff does not fit into the category of an owner of land because his rights and privileges do not confer a sufficient benefit.

The judgment is affirmed.

In this opinion the other judges concurred.