PRESENT:  All the Justices

KELLY BURDETTE

                                          OPINION BY
v.   RECORD NO. 082079          JUSTICE CYNTHIA D. KINSER
                                        SEPTEMBER 18, 2009
BRUSH MOUNTAIN ESTATES, LLC

        FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                    Robert M.D. Turk, Judge


      In this appeal, we consider two questions:  (1) whether the

provisions of Code § 55-2, requiring that estates in lands be

conveyed by a deed or will, apply to the conveyance of an

easement; and (2) whether the circuit court erred in determining

that two certain parcels of real property are encumbered with a

50-foot easement for ingress, egress, and public utilities.

Although we conclude that Code § 55-2 is inapplicable to the

conveyance of easements because an easement is not an estate, we

will reverse the judgment of the circuit court.  The deeds at

issue, along with a plat incorporated therein for descriptive

purposes, do not contain operative words manifesting an

intention to grant an easement.

                  RELEVANT FACTS AND PROCEEDINGS

      The appellant, Kelly Burdette, owns 8.281 acres of land,

consisting of Parcel "A" and Parcel "B," located in Montgomery

County.  Burdette acquired the real property from Thomas E.

Davis and Margaret V. Davis by deed dated December 8, 1999

(Davis/Burdette deed).  The appellee, Brush Mountain Estates,

LLC, owns an adjacent parcel of real property located on the east side of Burdette's property, identified as Tax Parcel 27(A)40.

The Davis/Burdette deed contained the following pertinent language:

> That for and in consideration of the sum of Ten Dollars ($10.00), and other good and valuable consideration, all cash in hand paid by the Grantee to the Grantors, the receipt of which is hereby acknowledged, the said Grantors do hereby bargain, grant, sell and convey [to the] Grantee, all that certain lot or parcel of land, lying and being in . . . Montgomery County, Virginia, containing 8.281 acres, consisting of and being Parcel "A", containing 6.487 acres and Parcel "B", containing 1.794 acres, as shown on a plat of survey entitled "PLAT OF SURVEY OF BOUNDARY LINE ADJUSTMENT FOR THOMAS E. DAVIS & MARGARET DAVIS", . . . designated Document No. 17214-02, which plat of survey is of record in the Clerk's Office of the Circuit Court of Montgomery County, Virginia, in Plat Book 19, Page 223.

The deed also stated that the conveyance was "made subject to all easements, reservations, restrictions and conditions of record affecting the hereinabove described property."

The boundary line adjustment plat (the Plat) referenced in the Davis/Burdette deed was prepared and recorded in conjunction with a September 2, 1999 deed from Gordon M. Roberts, II and Mary Alice Roberts, and the Harvey Family Partnership # 1 to the Davises (Roberts/Davis deed). In that deed, the Davises acquired Parcel "B." They already owned Parcel "A." The Roberts/Davis deed contained substantially the same language as

2

that set forth in the subsequent Davis/Burdette deed, including the statement that the conveyance was "made subject to all easements, restrictions and conditions of record affecting the hereinabove described property."

Brush Mountain, as a party of the third part, executed the Roberts/Davis deed in order to effect a release of its option to purchase Parcel "B." The stated consideration for the release was "One ($1.00) Dollar, cash in hand paid, and other good and valuable consideration."

The Plat referenced in both deeds depicts a 50-foot easement that traverses the southern portion of Parcel "A" and Parcel "B" and contains two separate notations stating, "SEE NOTE # 6." Note # 6 on the Plat contains the following language: "50' PRIVATE EASEMENT FOR INGRESS, EGRESS AND PUBLIC UTILITY FOR THE BENEFIT OF TAX PARCEL 27(A)40 [Brush Mountain's real property], IS HEREBY CONVEYED." The Plat was signed before notaries public by the Robertses, the Harvey Family Partnership # 1, Brush Mountain, and the Davises.

Brush Mountain submitted a request to rezone its Tax Parcel 27(A)40, indicating its intent to develop the property and access it via the easement shown on the Plat. Burdette apparently learned of Brush Mountain's intent and filed a complaint for declaratory judgment against Brush Mountain in the circuit court. Burdette contested Brush Mountain's claim of an

easement over her property, alleging "there is no easement established by any of the methods recognized in law and that there is no deed or will granting [such] rights to [Brush Mountain]." In response, Brush Mountain filed an answer and counter-complaint for declaratory judgment, asking the circuit court to declare that Brush Mountain is "entitled to unrestricted use" of the easement as shown on the Plat.

Brush Mountain then moved for summary judgment. After considering the parties' letter memoranda, the circuit court granted summary judgment in favor of Brush Mountain, holding that "a 50-foot private easement for ingress, egress and pubic utility" exists for the benefit of Tax Parcel 27(A)40, owned by Brush Mountain, over the real property owned by Burdette and ordering Burdette not to interfere with Brush Mountain's use of the easement as shown on the Plat. In a letter opinion incorporated in the final order, the circuit court framed the question before it as whether the notes on the Plat were sufficient to create an easement for the benefit of Brush Mountain. The court concluded

> in this particular instance, an easement to Brush Mountain Estates, LLC exists as a result of the [P]lat referenced herein. It is clear from the documents presented that Thomas E. Davis and Margaret V. Davis granted, pursuant to this [P]lat, a 50-foot easement to benefit Brush Mountain Estates, LLC. Kelly Burdette then obtained the property from the Davis[es] with at least constructive knowledge that this easement existed.

4

. . . .

These deeds all conveyed property that was subject to
existing easements. Clearly, the public record shows
that an easement did, in fact, exist for Brush
Mountain Estates, LLC. By incorporating the [P]lat
into [their deed, the Davises] accepted all notations
that were made on that [P]lat and all easements and
whatever encumbrances on [their] property it may have
shown.

Burdette now appeals from the circuit court's judgment.

ANALYSIS

Relying on Code § 55-2, Burdette argues that any interest
in land, including an easement, can be conveyed only by a deed
or will and that Code § 55-48 provides the proper form for a
deed. Burdette further contends there is no deed conveying the
easement at issue to either Brush Mountain or its predecessors
in title and that the Plat, being neither a deed nor a will, did
not convey the easement. According to Burdette, the circuit
court properly framed the issue as whether the notes on the Plat
were sufficient to create an easement but then erroneously
concluded that the Davises granted, pursuant to the Plat, a 50-
foot easement to Brush Mountain despite the absence of any
language of conveyance in either the Roberts/Davis deed or the
Davis/Burdette deed.

Brush Mountain, however, asserts that the provisions of
Code § 55-2 are not applicable and the existence of a deed
complying with the requirements of Code § 55-48 is not essential

5

to the conveyance of an easement.  Brush Mountain further argues

that, even assuming Code § 55-2 does require an easement to be

conveyed by a deed in the prescribed form, the Roberts/Davis

deed and the Davis/Burdette deed suffice.  According to Brush

Mountain, both deeds refer to and incorporate the Plat and both

contain language stating that the particular conveyance was

subject to easements of record affecting the described property.

In relevant part, Code § 55-2 provides:  "No estate of

inheritance or freehold or for a term of more than five years in

lands shall be conveyed unless by deed or will."[1]  The provisions

of Code § 55-2, by their plain terms, apply only to estates.

Although this Court has never specifically addressed whether an

easement is an estate, we have held that "[e]asements are not

ownership interests in the servient tract but 'the privilege to

use the land of another in a particular manner and for a

particular purpose.'"  Russakoff v. Scruggs, 241 Va. 135, 138,

400 S.E.2d 529, 531 (1991) (quoting Brown v. Haley, 233 Va. 210,

216, 355 S.E.2d 563, 567-68 (1987)); see also Clayborn v.

Camilla Red Ash Coal Co., 128 Va. 383, 392, 105 S.E. 117, 120

(1920) (referring to an easement as an incorporeal

hereditament); Restatement of Property § 467 cmt. c ("An estate

differs from an easement in that an estate is an interest in

---

[1] Code § 55-48 merely sets out the proper form of a deed.

land which is or may become possessory while an easement is never a possessory interest.").

If an easement is not an ownership interest in land, it is axiomatic that an easement is not an estate. This conclusion is consistent with authorities from numerous jurisdictions. See, e.g., City and County of San Francisco v. Calderwood, 31 Cal. 585, 589 (Cal. 1867) ("The public took nothing but an easement, and that term excludes the idea of an estate in the land on which the servitude was imposed."); Posick v. Mark IV Constr. Co., 952 A.2d 1271, 1274 (Conn. App. Ct. 2008) ("An easement is not an estate in land, but is merely an interest in land in the possession of another."); Sears, Roebuck & Co. v. Franchise Fin. Corp. of Am., 711 So. 2d 1189, 1191 (Fla. Dist. Ct. App. 1998) ("An easement is an incorporeal, nonpossessory interest in land which concerns the use of the land of another. An easement is not an estate in land and does not convey title to land or dispossess the owner of the land subject to the easement. Instead, an easement only grants the right to use the property for some particular purpose or purposes."); Sun Valley Land & Minerals, Inc. v. Hawkes, 66 P.3d 798, 802 (Idaho 2003) ("An easement is not an estate in land, but is merely an interest in land in the possession of another."); Farnes v. Lane, 161 N.W.2d 297, 299 (Minn. 1968) ("A private easement appurtenant is not an estate in land. It is an incorporeal hereditament which permits

7

use of the land of another in a way fixed by the scope and nature of the easement granted or otherwise acquired."); Voltmer Family Farms, Inc. v. Board of Equalization, 343 N.W.2d 755, 757 (Neb. 1984) ("An easement is not an estate in land, and the estate in fee simple from which an easement is granted is not reduced to a lesser estate as a result of the easement. . . . An easement is an interest in real estate, an incorporeal hereditament, which permits use of another's land for a specified purpose." (citations omitted)); Douglas v. Medical Investors, Inc., 182 S.E.2d 720, 722 (S.C. 1971) ("An easement is a right which one person has to use the land of another for a specific purpose and gives no title to the land on which the servitude is imposed.  An easement is therefore not an estate in lands in the usual sense." (internal quotations and citations omitted)); Hayes v. Gibbs, 169 P.2d 781, 786 (Utah 1946) (defining an easement as a servitude rather than an interest in land); Town of Menasha v. City of Menasha, 168 N.W.2d 161, 165 (Wis. 1969) ("An easement is not an estate in land[.]  An easement . . . exist[s] distinct from the ownership of the soil. . . . an easement differs from a fee or a limited fee in that in case of an easement title does not pass but only a right to use or privilege in the land of another." (internal quotation marks omitted)).

Since an easement is not an estate, the provisions of Code § 55-2 do not control the conveyance of an easement. The history of that statute supports this holding. "While its Virginian statutory antecedents date back to 1705, Code § 55-2, sometimes called the statute of conveyances, see, e.g., Smith v. Payne, 153 Va. 746, 756, 151 S.E. 295, 298 (1930), apparently is based in part upon section three of the English Statute of Frauds, 29 Chas. II, c.3 (1677)." Burns v. Equitable Assocs., 220 Va. 1020, 1031, 265 S.E.2d 737, 744 (1980). Section three of the English Statute of Frauds provided, in relevant part:

> [N]o Leafes, Eftates or Interefts, either of Freehold, or Terms of Years, or any uncertain Intereft, not being Copyhold or cuftomary Intereft, of, in, to or out of any Meffuages, Manors, Lands, Tenements or Hereditaments, fhall . . . be affigned, granted or furrendred, unlefs it be by Deed or Note in Writing, figned by the Party fo affigning, granting or furrendring the fame.

29 Chas. II, c. 3 (1676). Notably, that statute included interests in land; whereas Code § 55-2 omits any reference to mere interests in land. The General Assembly, by limiting Code § 55-2 to estates, clearly intended to exclude easements from the requirements of Code § 55-2.

Furthermore, this Court has found that an easement was granted pursuant to a written instrument not in the form of a deed, see, e.g., Corbett v. Ruben, 223 Va. 468, 470-71, 290 S.E.2d 847, 848-49 (1982) (recognizing grant of an easement

9

pursuant to a "document styled 'Declaration and Easement'");
Davis v. Cleve Marsh Hunt Club, 242 Va. 29, 34, 405 S.E.2d 839, 842 (1991) (finding an express grant of a permanent right-of-way in a contract for sale), and by an oral agreement and part performance, see, e.g., Buckles v. Kennedy Coal Corp., 134 Va. 1, 15-16, 114 S.E. 233, 237 (1922) (recognizing that the statute of frauds can be evaded by part performance of obligations and "that it would be strange indeed if it did not also include the parol creation of an easement"). See also Bunn v. Offutt, 216 Va. 681, 684, 222 S.E.2d 522, 525 (1976) ("Easements may be created by express grant or reservation, by implication, by estoppel or by prescription."). Certainly, a deed may convey an easement. See Code § 55-6 ("Any interest in or claim to real estate, including easements in gross, may be disposed of by deed or will."). The permissive language of Code § 55-6, i.e., "may be disposed of by deed," refutes, however, the argument that Code § 55-2 requires easements to be conveyed by a deed in the form prescribed by Code § 55-48.

Our holding that Code § 55-2 is inapplicable to the conveyance of easements, however, does not end our analysis. The circuit court did not mention Code § 55-2 in its final order or letter opinion. Instead, the court concluded that, by incorporating the Plat into their deed, the Davises accepted all notations on the Plat, including the 50-foot easement that

10

encumbered their property.  The court specifically relied on the language in the Roberts/Davis deed and the Davis/Burdette deed subjecting the respective conveyance to easements of record affecting the described property.

In Davis v. Henning, 250 Va. 271, 275, 462 S.E.2d 106, 108 (1995), we considered "subject to" language in a deed and resolved whether such language "was sufficient to bring an easement into existence or whether the language merely acknowledged the easement as a previously existing right burdening the servient tract being conveyed."  There, Parco Building Corporation executed in 1980 a deed of easement granting George J. Parker the right to use a dirt road to access Parker Lane, a public right of way, from the "Davis parcel," which was owned by Parker and was a portion of a tract that formerly contained 7.103 acres.  Id. at 273, 462 S.E.2d at 107. A few days later, Parker acquired the remainder of the 7.103-acre tract, and the parties agreed that the 1980 deed of easement from Parco to Parker was extinguished pursuant to the doctrine of merger when Parker acquired both the Davis parcel and the remainder of the 7.103-acre tract.  Id. at 274, 462 S.E.2d at 107.  In 1984, Parker conveyed all of the 7.103-acre tract except the Davis parcel to Parker Road Associates.  Id. at 273, 462 S.E.2d at 107.  That deed contained language stating "[t]his deed is made subject to . . . that certain easement of

11

right of way granted to George J. Parker by deed of Parco Building Corporation . . . dated July 11, 1980 and duly of record in the Clerk's Office above mentioned." Id. at 274, 462 S.E.2d at 107 (second alteration in original).

That deed provision was the source of the parties' disagreement as to whether the then owner of the Davis parcel had an easement over the remainder of the 7.103-acre tract to access Parker Lane. Id. at 274, 462 S.E.2d at 108. We observed that the phrase "subject to" "is generally a phrase of 'qualification and notice' and that it 'does not create affirmative rights.' " Id. (quoting S. L. Nusbaum & Co. v. Atlantic Virginia Realty Corp., 206 Va. 673, 679, 146 S.E.2d 205, 209 (1966)). That observation, however, did not dispose of the case; we also considered what the parties intended when they used the phrase "subject to" in the 1984 deed. Id. at 274-75, 462 S.E.2d at 108.

Recognizing that Parker may have been unaware that the 1980 deed of easement was extinguished by merger when he acquired both tracts, we concluded that the "subject to" language was "consistent with acknowledging an existing right which is excepted from the transfer, thereby continuing an existing limitation on the grantee's fee simple ownership of the dirt road [and] inconsistent with creating or recreating a right not in existence and reserving that right for the grantor's

12

benefit." Id. at 275, 462 S.E.2d at 108. Thus, considering the "subject to" language and the circumstances when the deed was executed, we held "that the 1984 deed did not create an express easement in favor of the Davis parcel." Id.; see also Taylor v. McConchie, 264 Va. 377, 383, 569 S.E.2d 35, 38 (2002) (language in a deed stating the conveyance was "'subject to all easements . . . of record'" meant merely that any existing rights were excepted from the conveyance).

In Strickland v. Barnes, 209 Va. 438, 164 S.E.2d 768 (1968), however, this Court reached an ostensibly contrary result. There, a deed to the plaintiffs' predecessor in title stated that the conveyance was "made subject to the easements and restrictions shown on the said plat." Id. at 439, 164 S.E.2d at 770. The referenced plat depicted several easements, one of which was a 25-foot strip " 'Reserved for future R.R. Siding.' " Id. The 25-foot strip was situated along the southern boundary of several lots, two of which were owned by the plaintiffs. Id. at 446, 164 S.E.2d at 774.

Although the "crucial question" in the case was whether the deed granted an easement for ingress and egress across the 25-foot strip or only an easement to use a railroad siding if one were constructed on the 25-foot strip sometime in the future, we first addressed the defendants' assertion that their predecessor in title did not convey any easement across the 25-foot strip

13

but merely reserved the strip for his own use.  Id. at 439, 442, 164 S.E.2d at 770.  We rejected that argument because the defendants' predecessor owned fee simple title to the 25-foot strip and such a reservation would therefore have been meaningless.  Id.  Thus, we concluded that in the context of the particular deed at issue, the language stating "[t]his deed is made subject to the easements and restrictions shown on the said plat" were "words of conveyance."  Id.

We find several significant factual differences between the case before us and Strickland.  First, we are confronted in the Roberts/Davis deed and the Davis/Burdette deed with "subject to" language commonly used, i.e., "boiler plate" language, to notify a purchaser of real property about existing encumbrances that may apply to the property.  But see Davis, 250 Va. at 275, 462 S.E.2d at 108 (language subjecting a conveyance to a particular easement of record was not "boiler plate" language).  The "subject to" language at issue in Strickland referred to easements on a specific plat; whereas, the "subject to" language in both the Roberts/Davis deed and the Davis/Burdette deed fails to mention a specific easement or plat.  Further, the lots comprising the dominant estate in Strickland were identifiable on the referenced plat, but the Plat here depicts a 50-foot easement across Parcels "A" and "B" and continuing to real property not included in the survey and identified only in Note

14

# 6 as "Tax Parcel 27(A)40."  Looking solely at the Plat, a person could not determine the size of Tax Parcel 27(A)40 and thus could not glean any information about the extent of the burden imposed on the servient estate.

Additionally, the purported owner of the dominant estate, Brush Mountain, was a stranger to the Roberts/Davis deed except for the limited purpose of releasing its option to purchase Parcel "B" and was a complete stranger to the Davis/Burdette deed.  Brush Mountain, nevertheless, asserts it has an express easement for the benefit of Tax Parcel 27(A)40 across Parcel "A" and Parcel "B" based on the depiction of a 50-foot easement on the Plat, Note # 6, and the "subject to" language in the Roberts/Davis deed and the Davis/Burdette deed.  We do not agree.

Neither statutory nor common law requires the grantor of an easement to employ any particular words of art so long as "'the intention to "grant" is so manifest on the face of the instrument that no other construction could be put upon it.'" Corbett, 223 Va. at 471, 290 S.E.2d at 849 (quoting Albert v. Holt, 137 Va. 5, 10, 119 S.E. 120, 122 (1923)); accord Chesapeake & Potomac Tel. Co. of Va. v. Properties One, Inc., 247 Va. 136, 139, 439 S.E.2d 369, 371 (1994).  "Thus, a provision in an instrument claimed to create an easement must be strictly construed, with any doubt being resolved against the

15

establishment of the easement." Chesapeake & Potomac Telephone,
247 Va. at 139, 439 S.E.2d at 371 (citing Town of Vinton v. City
of Roanoke, 195 Va. 881, 893, 80 S.E.2d 608, 615 (1954)).

Considering the particular circumstances of the two deeds
and Plat at issue, and resolving any doubt against the
establishment of an easement, we conclude there was no
conveyance of an express easement across Parcels "A" and "B" for
the benefit of Brush Mountain's Tax Parcel 27(A)40. We are
persuaded by the rationale in Davis and conclude, as we did
there, that the "subject to" language in the Roberts/Davis deed
and the Davis/Burdette deed operates only as a phrase of
" 'qualification and notice' " and " 'does not create
affirmative rights.' " Davis, 250 Va. at 274, 462 S.E.2d at 108
(quoting Nusbaum, 206 Va. at 679, 146 S.E.2d at 209). The only
reference to the Plat in the two deeds was in connection with
the property being conveyed. Neither deed mentions the Plat in
the phrase subjecting the conveyances to easements of record.

Furthermore, the Plat alone cannot serve as an instrument
of conveyance. When a deed incorporates a plat by reference,
the plat is considered part of the deed itself but only for
descriptive purposes to establish the metes and bounds of the
property being conveyed. See Auerbach v. County of Hanover, 252
Va. 410, 414-15, 478 S.E.2d 100, 102 (1996) (noting that a plat
incorporated by reference in a deed is considered part of the

16

deed itself, but utilizing the plat only for the purpose of establishing metes and bounds); Faison v. Union Camp Corp., 224 Va. 54, 59, 294 S.E.2d 821, 824 (1982) (same); Mahoney v. Friedberg, 117 Va. 520, 528-29, 85 S.E. 581, 583 (1915) ("But when a lot is thus described as on a map or plat, to which reference is made, such map or plat becomes, for the purpose of description a part of the deed and has the same effect as though it were incorporated into the instrument."); Edmunds v. Barrow, 112 Va. 330, 332, 71 S.E. 544, 544 (1911) (noting that a survey report was a part of a plat and both were referred to "in the partition deed for the purpose of fixing the metes and bounds of the several parcels of land conveyed[, therefore t]he report of survey and plat were . . . as much a part of the deed of partition as if they had been copied into the deed"); Schwalm v. Beardsley, 106 Va. 407, 409, 56 S.E. 135, 136 (1907) ("The description on the plat . . . is therefore as much a part of the deed . . . as if it were copied into the deed."); State Savings Bank v. Stewart, 93 Va. 447, 453, 25 S.E. 543, 544 (1896) ("Where a map of land is referred to in a deed for the purpose of fixing its boundaries, the effect is the same as if it were copied into the deed."); see also Il Giardino, LLC v. Belle Haven Land Co., 757 A.2d 1103, 1119 (Conn. 2000) ("[R]eference to a map in a conveyance normally is utilized merely as a descriptive tool to identify the property and, therefore, does

not itself convey."); <u>Roberts v. Osburn</u>, 589 P.2d 985, 993 (Kan. Ct. App. 1979) ("It would appear that even though a plat may be incorporated by reference into a deed for descriptive purposes, its effect is limited to being a descriptive tool.  The plat itself does not convey."); <u>Lancaster v. Smithco, Inc.</u>, 144 S.E.2d 209, 211 (S.C. 1965) ("A plat, however, is not an index to encumbrances, and the mere reference in a deed, as in this case, to a plat for descriptive purposes does not incorporate a notation thereon as to an easement held by a third party so as to exclude such easement from the covenant against encumbrances in the absence of a clear intention that it so operate.").

In sum, the Plat, despite its Note # 6 and the fact that all the parties to the Roberts/Davis deed signed the Plat, cannot serve as an instrument of conveyance.  While the Plat was incorporated into both deeds for descriptive purposes, there still must be an instrument of conveyance, though not necessarily a deed in the form prescribed by Code § 55-48, in order to grant an express easement.  <u>See</u> <u>Corbett</u>, 223 Va. at 471, 290 S.E.2d at 849 (the phrase "hereby create and establish" signified an intent to grant an easement).  Also, the instrument must contain operative words of conveyance sufficient to demonstrate the manifest intention to grant an easement.  <u>Id.</u> As we have already explained, neither the Roberts/Davis deed nor

18

the Davis/Burdette deed contained the necessary words of conveyance.[2]

CONCLUSION

For these reasons, we will reverse the judgment of the circuit court and remand for entry of an order consistent with this opinion to be recorded in the land records of Montgomery County.

Reversed and remanded.

_____

[2] The case before us is not analogous to those instances when we held that purchasers of subdivision lots acquire private easements over the rights-of-way that are shown on the subdivision plats. See, e.g., Ryder v. Petrea, 243 Va. 421, 423, 416 S.E.2d 686, 688 (1992); Lindsay v. James, 188 Va. 646, 653, 51 S.E.2d 326, 329 (1949). Our decision today should not be viewed as casting doubt on the holdings in such cases.