# CIRCUIT COURT OF THE CITY OF RICHMOND

Paul O. Iwaschenko

v.

Jean Kricorian

March 27, 2013

Case No. CL12-4926

By Judge Melvin R. Hughes, Jr.

On March 19, 2013, Plaintiff, in person and by counsel, and Defendant, in person and *pro se*, appeared for trial on the merits on Plaintiff's Complaint for Injunctive, Declaratory, and Other Relief and Defendant's Answer. Upon the conclusion of the evidence, the Court denied Plaintiff's request for damages as speculative. Left to be decided are (1) permanent injunction and (2) declaratory judgment, regarding the parties' rights and obligations under Plaintiff's grant of easement by deed.

There is no dispute that Plaintiff owns an easement granted by a 2005 deed over an area of Defendant's property, designated as a driveway. The driveway lies adjacent to Defendant's building where she resides. This is the area of easement reserved for Plaintiff's use of ingress and egress to his property situated behind Defendant's. Except for allowing Plaintiff the right of ingress and egress, the easement is otherwise undefined in terms of duration or dimension but identified as a "concrete alleyway."

While Plaintiff took title to his property in 2005 after Defendant had previously acquired title to her property, only recently has there been a history of friction between the parties over the use of this area. The evidence showed that, at times, both parties have blocked the other's access to and use of the driveway. Plaintiff is in the business of renovation and construction of real property and uses his property as a warehouse for related material and supplies. The evidence also revealed that Plaintiff repaved the area without Defendant's consent, an action to which Defendant apparently acquiesced. When Defendant later advised Plaintiff of her intent to construct a fence along the border of the driveway, Plaintiff, thinking that this would be an unreasonable interference, initiated this action. For the following reasons,

the Court will grant both parties equitable relief by way of a mutual injunction. Furthermore, the case is suitable for declaratory relief.

While equitable relief may be denied Plaintiff on the basis that he comes to court with unclean hands by constructing a driveway without Defendant's consent, as noted, Defendant acquiesced to Plaintiff's actions and did not seek relief to restrain or prevent Plaintiff from doing so. A fundamental principle of equity jurisprudence is that equity aids only the vigilant and will not assist a party who has slept on his or her rights.

It is important to note that an easement is not an ownership of the land, but rather is only a right or privilege to use the land of another. *Burdette v. Brush Mt. Estates, L.L.C.*, 278 Va. 286, 292, 682 S.E.2d 549, 552 (2009). So, by the act of constructing and repaving the driveway for his use to his property, Plaintiff asserted an incident of ownership as to the land when his only interest is an easement. However, Defendant cannot be heard to complain because Plaintiff's work, labor, and expense is an improvement to the property, albeit for Plaintiff's use of the easement to his property, which has bestowed a benefit to Defendant. Because the occasion calls for the Court's pronouncement of the parties' mutual rights and responsibilities, equity demands that both be enjoined from unreasonably interfering with the other according to their interests.

Although a servient landowner typically may build a line fence on land subject to an easement, that person may not do so if the fence would "make the easement less useful or less convenient" to the dominant estate. *Willing v. Booker*, 160 Va. 461, 467, 168 S.E. 417, 419 (1933) (internal quotations omitted). Testimony established that a fence would inhibit Plaintiff's access to his warehouse, the very utility of the easement to the Plaintiff. (There is a question in the Court's mind as to whether the easement when created was contemplated for only minimum ingress and egress as opposed to the use now by Plaintiff for commercial access numerous times daily. However, no evidence was offered regarding the history of the easement.) Neither party may unreasonably restrict the other's access to their respective properties. Defendant, as owner of a fee interest, has the right to access and use of the driveway area as a part of her property and her interest therein. She may build a fence on her property as long as it does not unduly restrict Plaintiff's ingress and egress. Plaintiff, on the other hand, with an established right and privilege of only ingress and egress to his property, cannot unreasonably restrict or prevent Defendant's movement to and fro. Neither has *carte blanche* to disregard the rights of the other.

Accordingly, the Court decides that each party is mutually enjoined from unreasonably interfering with the other with respect to access to their respective properties. This means neither may block or deny access to the other unreasonably at any particular time.