## CIRCUIT COURT OF THE CITY OF RICHMOND

Paul O. Iwaschenko

v.

Jean Kricorian

August 1, 2013

Case No. CL12-4926-01

By Judge Melvin R. Hughes, Jr.

This case is before the Court on a Rule to Show Cause dated July 2, 2013. The parties were before the Court on July 26, 2013. The Rule issued upon Plaintiff's motion alleging Defendant's violation of the Court's order dated March 27, 2013. That order enjoined the parties, mutually, from any unreasonable interference of the other with respect to an easement granted Plaintiff by deed described therein as a "concrete alleyway" on Defendant's adjoining property. A fuller account of the circumstances that led to the issuance of the injunction is mentioned throughout the court proceedings in the papers heretofore filed and the court's letter of March 27, 2013 [86 Va. Cir. 369].

Following the order of March 27, 2013, Defendant has erected a chain link fence along the "concrete alleyway" with a gate entering from Hull Street. Plaintiff complains this action constitutes an unreasonable interference with his right of ingress and egress to his property located behind Defendant's. The evidence discloses that Defendant has also erected a "privacy fence" in the rear of her property on the northern boundary on the fence line across from the rear section of the chain linked fence, with a padlock. This prevents Plaintiff's access from the driveway to a door to a building, which is his property, situated behind and along the length of the rear of Defendant's property, which heretofore was accessible from the driveway. This area is either part of the "concrete driveway" or one over which Plaintiff may have rights by way of an easement by necessity (this would make the easement "L" shaped as one looks down the length of the driveway and then to the left).

In addition, Plaintiff complains that the privacy fence prevents and interferes with entering and exiting a garage door which as at the end of the now fenced straight line driveway because it restricts turning space for vehicles for entrance into his garage. Although there is evidence that

vehicular and equipment movement can be made along the straight length of the fenced driveway into the garage, the privacy fence may impede necessary maneuvering into the garage through the garage doorway, as Plaintiff contends.

The Supreme Court of Virginia has said whether a fence or gate may be erected depends on the manner in which the easement has been used and occupied. *Hartsock v. Powell*, 199 Va. 320, 324, 99 S.E.2d 581, 584-85 (1957). Here, the parties have brought forth no evidence from which any proof can be derived, that, for example, the subject easement was created when the lands, both servient and dominant, were devoted only to residential as opposed to commercial uses. Plaintiff, as has been noted, has been asserting that the easement in his deed is necessary for commercial pursuits in his building construction renovation business. He uses his property as a warehouse and storage facility for construction supplies and equipment. Again, there is no evidence upon which the Court can determine the intention of the parties at the time the easement was created. Otherwise, the law as announced by the Supreme Court of Virginia regarding the issues presented is as follows:

> The rule is general that the landowner may put gates and bars across a way over his land, which another is entitled to enjoy, unless, of course, there is something in the instrument creating the way, or in the circumstances under which it has been acquired or used, which shows that the way is to be an open one. The easement of way is for passage only. The land remains the property of the owner of the servient estate and he is entitled to use it for any purpose that does not interfere with the easement.

*Id.* (internal quotations and citations omitted).

Here, there is no mention in a creating instrument that stipulates a gate or fence and no evidence that the area, by history, has always been open and ungated. The Court does recall that, at the first hearing, Defendant testified that she had a concern about vagrants on her property and contemplated a fence for security.

It is the judgment of the Court that the driveway fence and gate can remain, but that the privacy fence poses an unreasonable and material obstruction to the use and benefit to the dominant landowner, Plaintiff, and that it should be eliminated. The Court will enter an order in the coming days finding the Defendant in violation, in part, of the order dated March 27, 2013, and requiring that the privacy fence be taken down within ten days of the entry of the order. Failure to do so will result in a fine of $500.00 per day until and upon complete compliance.