PRESENT:  All the Justices

BARBARA BEACH

OPINION BY
v.  Record No. 130682          JUSTICE DONALD W. LEMONS
FEBRUARY 27, 2014
JAY TURIM, TRUSTEE, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

In this appeal, we consider whether the Circuit Court of the City of Alexandria ("trial court") erred when it held that the owners of a lot in a subdivision held an express easement.

I.  Facts and Proceedings Below

Jay and Judith Turim (the "Turims") are the Trustees of the Turim Family Trust, which owns 616 S. Royal Street in Alexandria, Virginia.  The Turims have resided at 616 S. Royal Street since 2002.  Barbara Beach ("Beach") is the owner of 614 S. Royal Street, and has resided there since 1987.  Both properties are part of the Yates Gardens Subdivision, which was created by deed of subdivision in June 1960.  There are eleven lots in the subdivision, numbered 1-6 and 507-511.  Beach's property is identified as Lot 509, and the Turim's property is Lot 510.

The deed of subdivision states that "easements are hereby created as shown on the attached plat."  The subdivision plat depicts a 4 foot "private walk easement" at the rear of Lots 1-6, and Lots 507-511.  There is a notation on the plat that

states, "4' easement is on Lots 1, 2, 3, 4, 5, 6, 507, 508, and 509 only."

On October 7, 2011, Beach erected a wooden wall at one end of the easement, blocking the Turims' access to the easement. On November 9, 2011, Beach also had concrete poured over the steps located within the easement that provided usable access to the Turims' lot, because their rear yard is at a lower elevation than the easement. The Turims filed an amended complaint in the trial court alleging a private nuisance against Beach. They asserted that their property, Lot 510, was the dominant estate and that Lot 509, Beach's property, was the servient estate. According to the complaint, the Turims had regularly used the easement, as did the previous owners of Lot 510, and they had access through an archway at the rear of their property where the easement began.

The Turim's complaint asked the trial court to issue an injunction requiring Beach to remove the wall and restore the steps and to prohibit Beach from taking further action to interfere with their easement rights.[*]

Beach filed a counterclaim against the Turims for trespass. She asserted that Lot 510 was not included in the notation on the plat granting the private walk easement on the subdivision

---

[*] They also sought compensatory and punitive damages and attorney's fees, but those issues are not before the Court in this appeal.

2

plat and that the Turims had no right to use the easement. Beach also filed a demurrer to the Turims' complaint, arguing that the easement only applied to Lots 1-6 and 507-509, not 510 or 511, by the express words of the deed and plat.

After a hearing on the demurrer, the trial court issued an opinion letter on January 19, 2012, in which it found that Lot 510 abutted the easement, that it was the dominant estate and Lot 509 the servient estate, and that the Turims were entitled to the easement which was reasonably beneficial to their property. The trial court relied on this Court's holdings in Ryder v. Petrea, 243 Va. 421, 416 S.E.2d 686 (1992), and Lindsay v. James, 188 Va. 646, 51 S.E.2d 326 (1949), in reaching its conclusion.

The parties then filed cross-motions for partial summary judgment. At the hearing on the cross-motions, counsel for the Turims stated that the only issue the trial court needed to decide was "whether or not the Turims ha[d] an express[] easement over the Beach property." The trial court granted the Turims' motion and denied Beach's, holding that Lot 510 benefited from the easement.

The case proceeded to a bench trial on two limited issues: (1) whether the stairs that were constructed between Lot 510 and the easement were a reasonable improvement; and (2) and whether they were a trespass on Beach's property. At trial, counsel for

3

the Turims reiterated that they had only claimed to have an express easement over the 4' private walk, and not a prescriptive easement.  Counsel stated, "we always thought and knew and you agree that we have an express easement over the easement, the 4-foot-wide area.  And so that's why we're responding that – you know, we're not claiming a prescriptive easement."  Evidence was presented regarding when the steps were constructed, whether they were a reasonable improvement to the easement, and whether the steps violated the Zoning Code for the City of Alexandria.

The trial court issued a letter opinion on October 31, 2012.  The trial court held that it could not determine from the evidence presented when the steps were originally constructed, but that they were at least in existence since 2002 when the Turims purchased Lot 510.  The court further held that the steps were a reasonable improvement to the uses contemplated by the easement, and granted an injunction requiring Beach to restore the steps within the easement to their former condition.

The trial court entered its final order on January 25, 2013, incorporating the October 31, 2012 letter opinion.  The court suspended the injunction ordering Beach to restore the steps pending an appeal, but precluded Beach from blocking the Turims' use of the easement during the pendency of an appeal.

4

Beach appealed the trial court's rulings, and this Court granted her an appeal on the following assignments of error:

1. The trial court erred in ruling that the plaintiffs are the beneficiaries of an express easement over a 4 foot private walk that abuts their property where the subdivision plat and deed did not convey an easement for their benefit.

2. The trial court erred in relying on Ryder v. Petrea, 243 Va. 421 (1992), and Lindsay v. James, 188 Va. 646 (1949), which are inapplicable and distinguishable.

3. The trial court erred in ordering injunctive relief that would be illegal; Beach's compliance with the court-ordered injunction to restore the steps would violate the City of Alexandria's zoning code, would not be feasible and would be disproportionately harmful to Beach.

4. The trial court lacked authority and jurisdiction to adjudicate the rights of other property owners (including those on Lots 1-6, 507, 508, and 511), who were not joined in this case.

## II.  Analysis

### A.  Standard of Review

Whether the Turims have an express easement over Beach's property presents a pure question of law.  This Court reviews pure questions of law de novo.  See PKO Ventures, LLC v. Norfolk Redev't & Hous. Auth., 286 Va. 174, 182, 747 S.E.2d 826, 830 (2013).

### B.  Express Easement

This case is before the Court on the limited issue whether the trial court erred in holding the Turims have an express easement over the 4' private walk that abuts their property.  At

5

trial, counsel for the Turims was clear that they were only claiming "an express easement."

An easement is the "privilege to use the land of another in a particular manner and for a particular purpose," but it does not give the owner of the dominant estate an ownership interest in the servient tract. Brown v. Haley, 233 Va. 210, 216, 355 S.E.2d 563, 567-68 (1987); Russakoff v. Scruggs, 241 Va. 135, 138, 400 S.E.2d 529, 531 (1991). Easements may be created by express grant or reservation, by implication, by estoppel or by prescription. Russakoff, 241 Va. at 138, 400 S.E.2d at 531.

In Burdette v. Brush Mountain Estates, LLC, 278 Va. 286, 682 S.E.2d 549 (2009), we laid out the following well-established principles:

> Neither statutory nor common law requires the grantor of an easement to employ any particular words of art so long as the intention to grant is so manifest on the face of the instrument that no other construction could be put upon it. Thus, a provision in an instrument claimed to create an easement must be strictly construed, with any doubt being resolved against the establishment of the easement.

Id. at 297, 682 S.E.2d at 555 (internal citations and quotation marks omitted).

In Burdette, we held that to create an express easement, there must be an instrument of conveyance, although that instrument need not be a deed. Id. at 299, 682 S.E.2d at 556.

6

Also, "the instrument must contain operative words of conveyance sufficient to demonstrate the manifest intention to grant an easement."  Id.

The deed in this case merely states "easements are hereby created as shown on the attached plat."  This Court has held that "[w]hen a deed incorporates a plat by reference, the plat is considered part of the deed itself but only for descriptive purposes to establish the metes and bounds of the property being conveyed."  Burdette, 278 Va. at 298, 686 S.E.2d at 555 (emphasis added).

The deed in this case does not state to whom the easement is granted.  Also, the purpose of the easement is, at best, ambiguous.  The plat merely describes the location of the easement, on Lots 1-6, 507, 508 and 509 only.  To constitute a grant, the instrument of conveyance must sufficiently describe the grantees "so as to be distinguished from all others." Corbett v. Ruben, 223 Va. 468, 472, 290 S.E.2d 847, 849 (1982)(internal quotation marks omitted).  The deed in this case, including the plat, fails to identify to whom the easement is granted.  Although it describes the location of the easement, there is nothing that states that the easement is granted to Lot 510.

In reaching its conclusion that an express easement had been created in favor of the Turims, the trial court relied on

this Court's opinions in Ryder and Lindsay. On appeal, the Turims also rely on the holdings in those two cases. Ryder and Lindsay stand for the proposition that in the context of a subdivision, a property owner abutting a designated street, alley, or right-of-way that was intended for public use, but which was not properly dedicated for such use, may use that way for ingress and egress. Ryder, 243 Va. at 423-24, 416 S.E.2d at 688; Lindsay, 188 Va. at 656, 51 S.E.2d at 331. These cases do not mean that the Turims have an express easement merely because their lot abuts the private walk shown on the subdivision plat. Ryder and Lindsay are simply not applicable to whether an express easement is created in the instrument of conveyance. And as we stated earlier, the issue before this Court is limited to whether the Turims have an express easement.

As we reiterated in Burdette, easements "must be strictly construed, with any doubt being resolved against the establishment of the easement." 278 Va. at 297, 682 S.E.2d at 555 (internal quotation marks omitted). Applying this rule of construction, we hold that the language in this deed, and the incorporated plat, is insufficient to create an express easement in favor of Lot 510 and the Turims. Merely identifying the location of an easement, or the burdened estate, is not sufficient to create an express easement. To create an express easement, the property which benefits from the easement must be

8

identified in some manner.  See Corbett, 223 Va. at 472, 290 S.E.2d at 849.  Accordingly, we hold that the Turims do not have an express easement over Beach's property.

Based upon our holding that the subdivision deed does not create an express easement in favor of the Turims, it is not necessary for us to address assignments of error 3 and 4.

### III.  Conclusion

We will reverse the judgment of the trial court holding that the Turims are the beneficiaries of an express easement over the 4' private walk.  We will also vacate that portion of the injunction precluding Beach from blocking the Turim's use of the easement and requiring her to remove the wall blocking the Turim's access to the easement and to restore the steps within the easement.

Reversed and final judgment.