## CIRCUIT COURT OF AMHERST COUNTY

Adam Michael Kline
and Loan Trinh Kline

v.

Joshua A. Vickers
and Heather D. Vickers

April 4, 2016

Case No. CL15009542-00

BY JUDGE MICHAEL T. GARRETT

This letter is to set forth the Court's ruling in the above-referenced matter after consideration of the evidence presented, as well as the legal briefs and legal authorities submitted by counsel.

### Statement of Facts

The Plaintiffs, Adam Michael Kline and Loan Trinh Kline, and the Defendants, Joshua A. Vickers and Heather D. Vickers, each own adjoining real estate tracts that came from property formerly owned by William and Deborah Dail.

The Vickers tract, 10.107 acres, fronts State Route 685 for a distance in excess of 300 feet. The Vickers tract is roughly square-shaped; it is bordered on one side by State Route 685 and on the other three sides by the Kline tract. When this parcel was conveyed to the Vickerses' predecessor in title, the deed contained the language:

Subject to that certain thirty-foot (30') easement of ingress and egress along that certain existing soil road as set forth and identified on the aforesaid Plat. Reference is here made to said Plat for a further and more particular description of said easement.

The language in the deed of conveyance to the Vickerses contained the same provisions.

The Kline tract is 26.748 acres and is shaped like an elongated horseshoe that surrounds the Vickers tract on three sides; it adjoins State Route 685 for a distance of 146 feet on the northwest side of the Vickerses' property and adjoins State Route 685 for a distance of 33 feet on the southwest side of the Vickerses' property. When this parcel was conveyed to the Klines' predecessor in title, the deed contained the language:

Together with the perpetual right to use that certain thirty-foot (30') easement along that certain existing soil road as set forth and identified on the aforesaid Plat for the purposes of ingress and egress. Reference is here made to said Plat for a further and more particular description of said easement.

The language in the deed of conveyance to the Klines contained the same provisions.

The Dails had their land surveyed in 2010 prior to deeding the two parcels at issue in this proceeding. The Plat Showing Property Line Reconfiguration, dated September 15, 2010 (Plaintiff's Exhibit 2, hereinafter "the Plat"), shows "Soil Drive," on the narrow 33-foot wide southwestern strip of the Kline tract beginning at State Route 685 and continuing in an easterly direction on the Kline tract for a distance of approximately 500 feet. The Plat denotes Soil Drive intersecting the "Existing Soil Road" on the Kline tract and then transversing in a northerly direction across the Vickerses' land until it exits onto the northern portion of the Klines' property where it continues to the Klines' lake. The Plat shows a 30-foot wide "Existing Soil Road" labeled on the Plat as "30' Easement of Ingress and Egress Along Existing Road." The entire width and boundary of both the Vickers and Kline tracts are depicted on the Plat. The entire length and breadth of Soil Drive and the Soil Road designated as the "30' Easement of Ingress and Egress Along Existing Road" is depicted on the Plat. Both the Soil Drive and the "Existing Soil Road" lie completely within the property boundaries of the Vickers and Kline Tracts and are shown on the Plat. The existence of an easement to use the existing Soil Road is the subject matter of this suit.

According to testimony presented, the Klines' property fronts on State Route 685 in two places, but the northwestern frontage is such that access may be impractical due to the very steep terrain, which, in all likelihood, was

the reason for the creation of the easement herein. There are no substantive factual disputes.

### Question Presented

Whether the two deeds at issue, respectively containing the language "Subject to," and "Together with," "that certain thirty-foot (30') easement of ingress and egress," and a Plat showing the designated location, is sufficient to grant and create an easement.

### Opinion

The Court must examine the language contained in the Deeds and Plat to determine if the language is sufficient to create an easement herein. As the Supreme Court of Virginia stated in *Albert v. Holt*, 137 Va. 5 (1923):

> Courts are liberal in construing written contracts, including deeds, in order to give effect to the intention of the parties, where that is manifest, if not restrained by some inexorable rule of law. . . .
>
> In the case at bar, the intention to "grant" is so manifest on the face of the instrument that no other construction could be put upon it, and it would be a miscarriage of justice and a perversion of the intention of the parties to hold otherwise.

*Id.*, at 9-10.

As set forth above, the Vickerses' Deed, immediately after the description of the property conveyed, included the following language:

> Subject to that certain thirty-foot (30') easement of ingress and egress along that certain existing soil road as set forth and identified on the aforesaid Plat. Reference is here made to said plat for a further and more particular description of said easement.

Thus, the language in the deeds for the Vickerses' tract clearly stated that the conveyance was "Subject to" a specific easement, a 30-foot easement for ingress and egress as more particularly delineated on the Plat. The Plat shows the entire length, width, and location of the easement upon the already existing Soil Road.

The Supreme Court of Virginia was presented with a similar issue in construing a deed, which made reference to a plat in the case of *Strickland v. Barnes*, 209 Va. 438 (1968). The issue in *Strickland* was whether the deeds to the Plaintiff's predecessors in title granted them an easement to use a 25-foot strip for ingress and egress by motor vehicle. In *Strickland*, the deed that conveyed the Defendants the property had a provision that

provided: "This deed is made subject to the easements and restrictions shown on the said Plat. . . ." *Id.*, at 439. The Court, in finding that this was a proper grant of an easement, stated:

> The deed, which conveyed to Magann Lot No. 6 on the plat reproduced on the second succeeding page, recited: *"This deed is made subject to the easements and restrictions shown on the said plat. . . ."* This plat (the "1945 plat") shows the following easements: the "Sidewalk" adjoining County Street at the bottom of the plat, and the nearby "Driveway"; the "Reserved 30' Driveway" (now Third Avenue) in the center of the plat; and the 25-foot strip "Reserved for future R.R. Siding" at the top of the plat. Defendants Smith and Strickland Brothers contend that James L. Smith did not convey to Magann any easement across the 25-foot strip, but that Smith merely reserved the strip for his use as a railroad siding. We do not agree.

*Strickland*, at 439 (emphasis added).

Thus, the Supreme Court in *Strickland* approved the language "This deed is made subject to the easements and restrictions shown on the said Plat" (as referenced in the deed) and found that a proper easement was created.

The language in the deeds in the case at bar are even more specific. The deed to the Vickers tract specifically states it is "Subject to the 30' Easement of Ingress and Egress" and makes the conveyance subject to that easement, which is specifically set forth on the plat referenced in the description. Likewise, the Deed to the predecessors in title to the Klines, contained the following language:

> Together with the perpetual right to use that certain thirty-foot (30') easement along that certain existing soil road as set forth and identified on the aforesaid Plat for the purposes of ingress and egress. Reference is made to said Plat for a further and more particular description of said easement.

The Court finds an easement based upon the same wording approved by the Supreme Court in *Strickland*.

The Defendants make a number of arguments that the language contained in these deeds are somehow insufficient to support a finding of an easement in this case. First, the Defendants rely upon *Davis v. Henning*, 250 Va. 271 (1995), arguing that the phrase "Subject to" in a deed is generally a phrase of qualification and notice and does not create affirmative rights. However, the facts in *Davis* are clearly distinguishable from the case at bar. The case in *Davis* involved two separate parcels, owned by two different individuals,

with a prior recorded express easement. Thereafter, one person acquired both parcels. After acquiring both parcels, the owner conveyed away one of the parcels and made it "Subject to a certain easement" and referenced the prior express easement previously recorded in the chain of title when there were two owners. The Court held in *Davis* that the reference to the prior express easement that existed before all title was united in a single owner, did not convey an easement because the prior express easement was extinguished by merger. The Court found in *Davis* that the deed did not create an express easement merely by referencing an extinguished easement no longer in existence due to merger. The deeds in the case now before the Court do not reference an extinguished easement.

The Defendants further rely upon *Phillips v. Anderson*, No. 120969 (Va. Sup. Ct. Jan. 25, 2013) (unpublished order), stating: "[A] mistaken belief cannot substitute for the requirement that the language evidence an affirmative intent to create new rights or reserve a new easement." *Id.* (citing *Davis v. Henning*, 250 Va. 271 (1995)). However, *Phillips* is also inapplicable to the case at bar. *Phillips*, like *Davis*, involved a deed of conveyance that was made "subject to" an express easement that was null and void, because the easement had been extinguished by merger. Again, this is not applicable to the facts of the case now before the Court, as the Grantors had a Plat prepared of the two parcels, made specific reference in the deeds of conveyance that the property conveyed to the Vickerses was "Subject to" the 30-foot easement for ingress and egress and that the property conveyed to the Klines was "Together with," the 30-foot easement. The easement was clearly set forth, for ingress and egress, in both deeds and the incorporated Plat. There is no extinguished easement in the case at bar.

Next, the defendant relies upon *Taylor v. McConchie*, 264 Va. 377 (2002), to argue that the language "subject to," is not sufficient to create an easement in the case at bar. However, *Taylor* is also distinguishable from the case at bar. In *Taylor*, there was no specific reference to a prior valid easement, nor was language included in the deed creating an easement, nor referencing a Plat delineating an easement. The *Taylor* case dealt with language typically included in every deed, known as "Boiler Plate" language, which provided that the conveyance was "Subject to all easements, restrictions and conditions of record." In *Taylor*, the Court held that this standard "Boiler Plate" language did not create an easement. Again, the holding in *Taylor* is distinguishable from the case at bar, as our case does not involve "Boiler Plate" language, but specifically references the creation of an easement in the deeds, and the referenced Plat delineates the exact location and boundaries of the easement.

The Defendants next urge strict construction of easement and rely upon the holding in *Burdette v. Brush Mountain Estates, L.L.C.*, 278 Va. 286 (2009). The Deed of conveyance in *Burdette* contained the "Boiler

Plate" language that it was "made subject to all easements, reservations, restrictions, and conditions of record affecting the hearing above described property." *Id.* at 289. However, the *Burdette* deed did not specifically mention an easement. The Supreme Court distinguished *Strickland,* stating:

> The "subject to" language at issue in *Strickland* referred to easements on a specific plat; whereas, the "subject to" language in both the Roberts/Davis deed and Davis/Burdette deed fails to mention a specific easement or plat. Further, the lots comprising the dominant estate in *Strickland* were identifiable on the reference plat, but the Plat here depicts a 50-foot easement across Parcels "A" and "B" and *continuing to real property not included in the survey* and identified only in Note #6 as "Tax Parcel 27(A)40." *Looking solely at the Plat, a person could not determine the size of Tax Parcel 27(A)40 and thus could not glean any information about the extent of the burden imposed on the servient estate.*

*Id.* at 296-97 (emphasis added).

In *Burdette,* when presented with a deed with no specific language about an easement (except "Boiler Plate" language) and a general reference to a plat, the Court found this did not create an easement. However, the case at bar is again distinguishable in that our case involves a deed with the specific language in the deed that the conveyance is subject to the 30-foot easement for ingress and egress as set forth on the plat. Unlike *Burdette,* specific easement language is in both deeds, and the entire width and breath of the parcels affected and the easement is shown on the plat. Thus, the deeds and plat make clear the intention of the parties in our case, as the Court approved in *Strickland.*

Under the holding in *Albert, infra,* the Court should employ a construction of the language employed that does not create a manifest injustice. There can be no other meaning nor rational construction of the provisions included in both the deeds to the Vickerses and the deeds to the Klines, other than that the Vickerses' property is subject to the easement and that the Klines are the benefactors of the easement as specifically shown on the plat.

Lastly, the Defendants relied upon *Beach v. Turim,* 287 Va. 223 (2014), in oral argument presented to this Court. The Defendants, relying on *Beach,* argue that if the deed does not state to whom the easement is granted and the purpose is ambiguous, then there is no easement. The facts in *Beach* are unique and distinguishable from the case at bar. *Beach* involved a subdivision created by a Deed of Subdivision comprised of eleven lots. A dispute arose between two adjoining lot owners. The Court found that Turim, who owned the property abutting the easement, did not have an express easement. The Supreme Court in *Beach* held:

The deed in this case does not state to whom the easement is granted. Also, the purpose of the easement is, at best, ambiguous. The Plat merely describes the location of the easements, on Lots 1-6, 507, 508 and 509 only. To constitute a grant, the instrument of conveyance must sufficiently describe the Grantees "so as to be distinguished from all others." . . . The deed in this case, *including the Plat,* failed to identify to whom the easement is granted. Although it describes the location of the easement, there is nothing that states that the easement is granted to Lot 510. . . . As we reiterated in *Burdette,* easements "must be strictly construed, with any doubt resolved against the establishment of the easement." . . . Applying this rule of construction, we hold that the language in this deed, and the *incorporated Plat,* is insufficient to create an express easement in favor of 510 and the Turims. Merely identifying the location of the easement, or the burdened estate, is not sufficient to create an express easement. To create an express easement the property which benefits from the easement must be identified in some manner . . . accordingly we hold the Turims do not have an express easement over Beaches' property.

(Emphasis added.)

The holding in *Beach* does not support the argument of the Defendants, and in fact, supports the Plaintiffs' position in the case now before the Court. The facts of *Beach* are unique in that they involved a 4-foot walking easement in a subdivision. The Plat was incorporated in the Deed of Subdivision, but there was no specific grant. There is a notation on the Plat that states, "4' easement is on Lot 1, 2, 3, 4, 5, 6, 507, 508, and 509 only." Thus, the plat was unclear as to which of the eleven landowners would benefit from the "walking easement." The plat only showed where the easement was located and it was unclear if the walking easement was for the benefit of one or more of the eleven lot owners. To create an express easement, the property which benefits from the easement must be identified in some manner. The Court in *Beach* found that the purpose of the easement was ambiguous, and held against the Turims who owned Lot 510.

The facts in *Beach* are in stark contrast to the facts now before the Court. There are only two landowners involved, the Vickerses and the Klines, whereas there were between 1 and 11 in *Beach.* The easement in our case proceeds from one portion of the Kline property, directly across the eastern portion of the Vickerses' property, until it exits upon the Klines' property where it ends. The entire boundary of the Kline and Vickers tracts are shown on the Plat. The entire length and width of the easement is shown on the plat and lies completely within the Vickers and Kline tracts. The delineated "Soil Road" begins on the Kline tract, transverses the Vickers tract and thereafter ends on the Kline tract. There is no doubt from an examination

of the Deed that the easement was intended as stated in the deed for ingress and egress. There is no means of construing this language in any manner other than to find the intention of the original parties to convey an easement to the predecessor in title to the Klines and to make the predecessor in title to the Vickerses' land subject to the easement. The Court in *Corbett v. Reuben*, 223 Va. 468 (1982), upheld a longstanding legal rule when it stated:

> Corbett says, in order to constitute a grant the document must "name a grantee" and the description of the grantees in a 1964 document is impermissibly vague and uncertain. . . . *But Thomas acknowledges the ancient maxim that Grantees need not be specifically designated by name if they are sufficiently described so as to be distinguished from all others.*

*Id.*, at 472 (emphasis added).

Therefore, the Court finds that the language, as set forth in the deeds to the Vickerses and Klines, is not ambiguous, nor is there any doubt as to the identity of the property subject to the easement, nor the property benefiting from the easement.

### Holding

For the foregoing reasons, the Court finds that the language as set forth in the deeds to the Klines and Vickerses, as well as the fully delineated easement drawn on the Plat referenced in both deeds, creates an express easement for the benefit of the Kline tract. Therefore, the Court finds and orders as follows:

1. The Court declares the Kline easement to be a valid express easement; and,

2. The Court orders that the Vickerses not interfere with the Klines' use of their easement, and directs that the Vickerses forthwith remove any obstruction thereof.